KASZAR ET AL., APPELLANTS, *v.* MERIDIAN OIL & GAS ENTERPRISES, INC. ET AL., APPELLEES.

(No. 1178 — Decided July 2, 1985.)

*William P. Bobulsky,* for appellants.
*Thomas L. Sartini,* for appellees.

COOK, J. In 1978 and 1979, appellants, Ernest and Joyce Kaszar, purchased property which was leased to appellees, Meridian Oil and Gas Enterprises, Inc. and James Drilling Corporation, for the purpose of oil and gas exploration. The lease was to expire July 8, 1980 if appellees failed to begin operations for the commencement of a well prior to that date. Prior to July 8, 1980, appellees surveyed the site for the well and staked it out, cleared the well site, and filed the necessary documents with the Securities and Exchange Commission. Appellees subsequently filed instruments of unitization of appellants' property.

On February 10, 1983, appellants filed a complaint in the Ashtabula County Court of Common Pleas seeking to enjoin appellees from conducting oil and gas drilling operations on their land, to clear title to the property, to void an instrument purporting to unitize the property for drilling purposes, and for damages. The gist of appellants' complaint was that the lease agreement had expired prior to appellees' commencement of operations.

On March 6, 1984, the court found

for appellees and dismissed appellants' complaint, reasoning that appellees had "commenced" operations prior to the expiration date of the gas and oil lease, thus extending the lease.

Appellants have appealed the judgment of the trial court and have filed the following assignment of error:

"The trial court erred in overruling plaintiffs' prayer for a permanent injunction and in dismissing plaintiffs' associated claims for relief."

The assigned error is without merit.

Paragraph twelve of the lease agreement provides:

"If the Lessee shall begin operations for the commencement of a well during the term of this lease or any extension thereof, the Lessee shall then have the right to complete the drilling of such wells, and if oil or gas or either of them be found in paying quantities, this lease shall continue and be in force and with like effect as if such well had been completed within the term first herein mentioned."

In *Duffield* v. *Russell* (1899), 10 Ohio C.D. 472, affirmed (1902), 65 Ohio St. 605, the court, as noted in paragraph one of the headnotes, held:

"The 'commencement' of operations, under an oil and gas lease, may consist of trivial and comparatively insignificant matters. Any act, the performance of which has a tendency to produce the desired result, is a 'commencement' of operations; therefore, staking out the location for the well, making the contract for the lumber for [a] rig and cutting a portion of the timber constitutes a 'commencement' of operations, if done *bona fide*."

In the instant cause, appellees surveyed the site, staked out the well, and filed the necessary documents with the Securities and Exchange Commission. Under the *Duffield* decision, these acts constituted a commencement of operations under the parties' oil and gas lease so as to extend the term of the lease pursuant to paragraph twelve.

Appellants also argue that the court erred because appellees filed instruments of unitization of appellants' property and "a unitization of an oil and gas lease may not be effectuated after the primary term thereof."

Paragraph fourteen of the lease agreement provides:

"For the purpose of conserving the interest of the parties hereto and protecting said premises, and the oil and gas field within which the same are comprehended from unnecessary and wasteful drilling and undue depletion of its resources, Lessor further grants to Lessee, its heirs and assigns, the right to consolidate the above described premises or any part thereof at the option of Lessee with others to form a unit not to exceed 640 acres for development * * *."

In the instant cause, appellees consolidated or "unitized" appellants' property with other leased property. The "unitization" took place on August 30, 1980 and March 25, 1982. Although this was after the primary term of the lease, the lease was still in effect since appellees had "commenced" operations as stated above.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, J., concurs.

DAHLING, P.J., dissents.

DAHLING, P.J., dissenting. In my view, placing a survey stake did not constitute commencement of drilling. I would reverse.