## Barclay Petroleum, Inc.
v.
## Perry
*[Cite as 3 AOA 132]*

Case No. CA-89-7
*Muskingum County, (5th)*
*Decided May 31, 1990*

*J. Jay Hampson, Brian D. Shonk, Dagger, Johnston, Miller, Ogilvie & Hampson, 144 E. Main Street, P.O. Box 667, Lancaster, OH 43130-0667, for Plaintiffs-Appellants.*

*Ross L. Johnston, Gottlieb, Johnston, Beam & Joseph, 320 Main Street, P.O. Box 190, Zanesville, OH 43702-0190, for Defendants-Appellees.*

SMART, J.

This is an appeal from a judgment of the Court of Common Pleas of Muskingum County, Ohio, entered on behalf of defendants-appellees Ernest and Donna Perry (appellees) and against plaintiffs-appellants Barclay Petroleum, Inc. and Bruce Kelley (appellant). The cause was tried to the bench. The trial court made extensive findings of fact and conclusions of law.

In or around May of 1983, appellants and appellees negotiated a lease of oil and gas rights on some 83 acres of appellees' property. Appellants represented that they would dig two wells, one of which was for appellees' personal use in their residence. The wells were to be dug within one year of the execution of the lease.

The parties executed the lease in the presence of each other. Appellees suggested that the lease be taken to a local bank to be notarized, but appellants arranged instead for the lease to be witnessed and notarized some time after execution, and not in compliance with the statute.

Appellants acquired the necessary permits to drill the wells, but delayed doing so, apparently for financial reasons. Shortly before the expiration of the one year, appellants sought an extension of the lease, but appellees denied this request. Thereafter appellants installed some pipe but did not drill any wells. The pipe was left uncovered and in an hazardous state. Eventually the Ohio Department of Natural Resources took steps to have the work site remedied.

The trial court found that the lease was improperly executed, in violation of R.C. §5301.01, and that appellants were responsible for the irregularities. It was further found that appellants had not made good faith efforts to perform their obligations under the agreement. Finally, the trial court cited the appellants' 33 month delay in attempting to enforce their rights, and concluded that laches estopped appellants. This appeal ensued.

Appellants assigned three errors to the trial court:

"*ASSIGNMENT OF ERROR NO. I.*
"THE TRIAL COURT ERRED WHEN IT RULED THAT THE PERRY LEASE WAS NULLIFIED BY O.R.C. §5301.01.

"A. O.R.C. §5301.01 IS INAPPLICABLE TO THE PERRY LEASE, BECAUSE THE PERRY LEASE IS FOR A TERM OF LESS THAN THREE (3) YEARS.
"B. EQUITABLE PRINCIPLES BAR PENALIZING APPELLANTS FOR THEIR RELIANCE ON AND PART PERFORMANCE UNDER THE PERRY LEASE.

"C. WHERE A LESSEE TAKES POSSESSION OF A LEASEHOLD PREMISES, AN ALLEGED LEASE DEFECT WILL NOT OPERATE TO TERMINATE THAT LEASEHOLD.

"*ASSIGNMENT OF ERROR NO. II.*
"THE TRIAL COURT ERRED WHEN IT RULED THAT APPELLANT FAILED TO COMMENCE DRILLING OPERATIONS, AND THAT THE LEASE THEN TERMINATED UNDER ITS OWN TERMS.

"A. APPELLANTS ACTIVITY ON THE WELL SITE DURING THE PRIMARY TERM CONSTITUTED "COMMENCEMENT OF DRILLING OPERATIONS," WHICH SERVED TO EXTEND THE PRIMARY TERM UNDER THE TERMS OF THE PERRY LEASE, AND AVOIDED AUTOMATIC TERMINATION OF THE LEASE.

*"ASSIGNMENT OF ERROR NO. III.* "THE TRIAL COURT ERRED WHEN IT RULED THAT THE PERRY LEASE TERMINATED AFTER THE EXTENSION OF THE PRIMARY TERM.

"A. APPELLANTS ALLEGED FAILURE TO DILIGENTLY PROSECUTE DRILLING OPERATIONS WAS CAUSED BY APPELLEES IMPROPER, WILLFUL AND INTENTIONAL INTERFERENCE WITH APPELLANTS DRILLING OPERATIONS."

### I- A.

Revised Code §5301.01 states:

"A deed, mortgage, land contract as referred to in division (B) (2) of section 317.08 of the Revised Code, or lease of any interest in real property must be signed by the grantor, mortgagor, vendor, or lessor, and such signing must be acknowledged by the grantor, mortgagor, vendor, or lessor in the presence of two witnesses, who shall attest the signing and subscribe their names to the attestation. Such signing must be acknowledged by the grantor, mortgagor, vendor, or lessor before a judge of a court of record in this state or a clerk thereof, a county auditor, county engineer, notary public, mayor, or county court judge, who shall certify the acknowledgment and subscribe his name to the certificate of such acknowledgment."

Appellants urge that this statute does not apply to this particular lease because the lease provides for a primary term of one year with possible extensions if the appellants commence drilling operations within that year. Leases for less than three (3) years are exempted from the requirements the attestation and acknowledgement, R.C. §5301.08.

The lease specifies that the extensions are automatic so long as the wells produce. We agree with the trial court that this automatic renewal places the lease beyond the three (3) year limit and within R.C. §5301.01, because it is for an indefinite and uncertain period of time.

### B.

The trial court expressly found that appellants had not performed in good faith, listing three factors. We have examined the record and find that there is sufficient competent and credible evidence to support the factors that underlie the court's conclusions, *C. E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279. Further, the trial court expressly found that the part performance does not make this lease effective because the parties can easily be put back into the *status quo.*

### C.

Finally, appellants assert that they took possession of the leasehold and therefore the defect in the execution of the lease does not render it invalid.

The trial court's finding, that the "too little too late" efforts of appellants did not constitute part performance, is not against the manifest weight of the evidence, see I-B, *supra.*

The first assignment of error is overruled.

### II.

Appellants next assert that their laying of the pipe in May of 1984 was commencement of drilling operations under Ohio law. Appellants cite *Duffield v. Russell* (1902), 19 Ohio C.C. 266, affirmed 65 Ohio St. 605, and *Kaszar v. Meridian Oil & Gas Enterprise, Inc.* (1985), 27 Ohio App.3d 6. These cases found that even a single act toward the desired result is a "commencement of operations." The trial court, however, found that the steps taken by appellants were not made as a good faith, *bona fide* part performance, but rather were a pretext performed only to extend the lease. This finding is supported by evidence in the record, and suffices to permit the trial court to find that equity required a judgment in favor of appellees.

The second assignment of error is overruled.

### III.

Appellants finally assert that appellees intentionally interfered with the drilling operations.

At trial, appellants urged that appellees put up fencing, gates, and no trespassing signs. Appellees told appellants that their performance was unsatisfactory and that appellants would be regarded as trespassers if they attempted to enter the property.

Appellants made these allegations at trial. The trial court found, however, that appellees did not erect fences or no trespassing signs, and did not substantially interfere with appellants' right

of entry. There is sufficient competent and credible evidence in support of those findings, and we will not substitute our judgment for that of the fact finder.

The third assignment of error is overruled.

The original notice of appeal was filed on May 15, 1989 from a judgment dated May 8, 1989. This court remanded the case to the trial court to comply with Civ. R. 52 and *Walker v. Doup* (1988), 36 Ohio St.3d 229. The trial court filed its findings of fact and conclusions of law on January 31, 1990, and appellant thereafter filed a supplemental notice of appeal.

Appellees filed a supplemental brief on March 20, 1990. Appellants have moved this court to strike that brief because of noncompliance with App. R. 16(C). Because of the unusual procedural history of this case, we find appellants' motion to be not well taken and accordingly we overrule it.

For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed.

*Judgment affirmed.*

HOFFMAN, P.J., and GWIN, J., concur.