WALKER, APPELLANT, *v.* DOUP ET AL., APPELLEES.

[Cite as Walker *v.* Doup (1988), 36 Ohio St. 3d 229.]

(No. 86-774—Decided May 11, 1988.)

*Weldon, Huston & Keyser* and *David D. Carto,* for appellant.

*Morrow, Gordon & Byrd* and *L. James Gordon,* for appellee D. Gene Doup.

*Zelkowitz, Barry & Cullers* and *Robert L. Rauzi,* for appellee Brian J. Blubaugh.

*Per Curiam.* The issue presented in this case is whether a timely motion for separate findings of fact and conclusions of law under Civ. R. 52 prevents an otherwise final judgment from becoming final for purposes of App. R. 4 until the findings of fact and conclusions of law are filed by the trial court.[1] For the reasons discussed

---

[1] Appellant also raised the issue whether the requirements of R.C. 2315.19 affect the resolution of the certified issue in this case. Because we hold that the appeal time does not commence to run until the filing of the trial court's findings of fact and conclusions or law, it is unnecessary to consider appellant's argument on this issue.

below, we hold in the affirmative, and reverse the decision of the court of appeals.

Civ. R. 52 provides, in pertinent part:

"When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing or orally in open court requests otherwise before the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk of the court for journalization, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

Appellant argues that the trial court's judgment entry was not a final order for purposes of commencing the time for filing a notice of appeal because the entry did not contain findings of fact and conclusions of law. Because appellant made a timely request under Civ. R. 52 for such findings and conclusions, he contends that the court's decision did not become "final" for appeal purposes until its findings of fact and conclusions of law were filed.

Appellant relies on *Reineck, supra,* in support of his argument that the filing of a motion for findings and conclusions after the issuance of a judgment entry precludes the commencement of the time period for filing a notice of appeal until the trial court files its findings and conclusions. The court of appeals below rejected that argument in favor of the holding in *Price, supra.*

In *Price,* the appellant filed a timely motion for separate findings of fact and conclusions of law after the trial court had filed its judgment entry. The appellant filed his notice of appeal

within thirty days of the filing of the court's findings of fact and conclusions of law, but more than thirty days after the court filed its judgment entry. The court of appeals dismissed the appeal on the ground that the notice of appeal was not timely filed as required under App. R. 4(A). The court held:

"The filing of findings of fact and conclusions of law does not extend the time for filing a notice of appeal." *Id.* at paragraph two of the syllabus.

In *Reineck, supra,* the Court of Appeals for Sandusky County considered the same issue, but declined to rule as did the court in *Price.* The court in *Reineck,* applying our reasoning in *State* v. *Mapson* (1982), 1 Ohio St. 3d 217, 1 OBR 240, 438 N.E. 2d 910, to the provisions of Civ. R. 52, held:

"Where a timely motion for findings of fact and conclusions of law has been filed in accordance with Civ. R. 52, the time period for filing a notice of appeal *does not commence to run until the trial court files its findings of fact and conclusions of law.*" (Emphasis added.) *Id.* at syllabus.

In *Mapson, supra,* the issue was the timeliness of an appeal from the denial of a petition for post-conviction relief. We held that an appeal from a denial of such a petition is timely if it is filed within thirty days of the filing of the statutorily required findings of fact and conclusions of law and that, since R.C. 2953.21 mandates that a judgment denying post-conviction relief include findings of fact and conclusions of law, a judgment filed without such findings and conclusions is incomplete and does not commence the running of the time period for filing an appeal therefrom. In addition to the statutory basis for that decision, however, we noted that there were important policy considerations underlying our decision:

"* * * The obvious reasons for re-

quiring findings are '* * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause.' *Jones* v. *State* (1966), 8 Ohio St. 2d 21, 22 [37 O.O. 2d 357]. The existence of findings and conclusions [is] essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error. [Footnote omitted]." *Id.* at 219, 1 OBR at 242, 438 N.E. 2d at 912.

The same policy considerations that underlie *Mapson* apply in this case. Until a trial court files its findings of fact and conclusions of law, an appellant has no opportunity to determine the basis for an appeal. Requiring an appellant to perfect an appeal without having findings and conclusions before him would deter judicial economy, for it would guarantee two trips to the appellate court—first, to compel the findings and conclusions and second, to review the decision on the merits.

We believe that there are compelling reasons for adopting the rule set forth in *Reineck, supra.* Therefore, we hold that when a timely request for findings of fact and conclusions of law has been filed in accordance with Civ. R. 52, the time period for filing a notice of appeal does not commence to run until the trial court files its findings of fact and conclusions of law.

For the foregoing reasons, the judgment of the court of appeals is reversed, and this cause is remanded to that court for further proceedings.

*Judgment reversed
and cause remanded.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.