OPINION
Defendant-appellant, Kerry Aldridge Moore, appeals the decision of the Jefferson County Court of Common Pleas, Juvenile Division, awarding legal custody of her son, Anthony Aldridge, a minor child, to plaintiff-appellee, Janice Aldridge, the child's paternal grandmother.
Kerry and Timothy Aldridge were divorced on November 12, 1991 in the Jefferson County Court of Common Pleas. As part of the divorce decree, appellant received legal custody of the parties' only minor child Anthony Aldridge. Subsequently, Pamela Pulver, the child's maternal grandmother filed a request for temporary custody on October 16, 1997, which request was granted by the Miami County Court of Common Pleas, Juvenile Division on February 11, 1998.
Thereafter, on June 17, 1998, appellee, the child's paternal grandmother, filed a petition for legal custody of the child in the Jefferson County Court of Common Pleas. The matter was assigned to the Juvenile Division where Magistrate Casimir Adulewicz placed temporary custody of the child with appellee until a hearing could be held.
On July 23, 1998, appellant filed a motion for the appointment of counsel pursuant to Juv.R. 4(A) and R.C. 2151.352. The motion was set for hearing on August 7, 1998, at which time the magistrate denied the request. Specifically, the magistrate found that the matter was not a neglect, dependency, or abuse case and that appellant was voluntarily underemployed.
Appellee's petition for custody came up for hearing on September 4, 1998. Appellant was not present at the hearing and the only witness to testify was appellee. Following the hearing on September 28, 1998, the magistrate issued an order designating appellee as the residential parent and legal custodian of the child.
On October 13, 1998, appellant filed objections to the magistrate's decision arguing that inter alia she had been unable to appear at the September 4, 1998 hearing because her father had undergone emergency surgery. Attached to the objections was an affidavit executed by appellant stating that she had not known that the September 4, 1998 hearing was a final hearing on the matter and that she had had to drive her father to Pittsburgh for emergency surgery. On November 2, 1998 without conducting a hearing, the trial court overruled appellant's objections and adopted the magistrate's decision as its own.
Thereafter, on November 9, 1998, appellant requested written findings of fact and conclusions of law pursuant to Civ.R. 52 and Juv.R. 29(F)(3). The record fails to indicate that the trial court ever responded to appellant's request. On December 1, 1998, appellant filed a notice of appeal to the trial court's decision of November 2, 1998.
Civ.R. 52 provides in pertinent part as follows:
 "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."
Civ.R. 52 applies to change of custody proceedings which involve questions of fact tried and determined by the court without a jury. State ex rel. Papp v. James (1994), 69 Ohio St.3d 373,377. When a timely motion for findings of fact and conclusions of law has been filed in accordance with Civ.R. 52, the time period for filing a notice of appeal does not commence to run until the trial court files its findings of fact and conclusions of law. Walker v. Doup (1988), 36 Ohio St.3d 229, syllabus. Thus, a timely motion for separate findings of fact and conclusions of law under Civ.R. 52 prevents an otherwise final judgment from becoming final for the purposes of App.R. 4 until the findings of fact and conclusions of law are filed by the trial court. Papp, supra, at 381.
In the instant case, appellant filed a timely request for findings of fact and conclusions of law within seven days of the trial court's announcement of its decision. As yet, the trial court has failed to comply with the requirements of Civ.R. 52 and as such appellant's time period for filing a notice of appeal has not commenced to run.
Accordingly, this court lacks jurisdiction to consider this matter and the appeal is therefore dismissed with instructions to the trial court to submit its findings of fact and conclusions of law as required by Civ.R. 52.
VUKOVICH, J., concurs.
WAITE, J., concurs.
APPROVED:
 ___________________________________ GENE DONOFRIO Judge