OPINION
In this consolidated appeal, appellant G. Rand Smith, Esq., appellant Dean Fouras and Appellant Evangeline Fouras appeal the April 12, 1999, and June 8, 1999, Judgment Entries of the Court of Common Pleas of Licking County, Probate Division, which, among other things, denied executor fees to the Executor of the Estate of Alexious G. Fouras, Dean Fouras, attorney fees to Attorney of the Executor and Estate of Alexious G. Fouras, Attorney C. William Dawson, provided a fee to litigation counsel for the Estate of Alexious G. Fouras, Attorney G. Rand Smith. In the first appeal, case 99-CA-52, appellant is Attorney G. Rand Smith and appellee is the Estate of Alexious G. Fouras. In the second appeal, case 99-CA-53, appellant is the Estate of Alexious G. Fouras, Dean Fouras, Executor and Attorney C. William Dawson. Appellee is Evangeline Fouras, surviving spouse of the deceased, Alexious G. Fouras. In the third case, 99-CA-55, appellant is Evangeline Fouras. Appellee is the Estate of Alexious G. Fouras, Dean Fouras, Executor. Upon motion to consolidate filed by the executor of the estate of Alexious G. Fouras, the cases were consolidated by this court under case 99-CA-55 by Judgment Entry filed June 14, 1999.
 STATEMENT OF THE FACTS AND CASE
Mr. Alexious G. Fouras died testate on August 18, 1993. The Estate of Alexious G. Fouras was opened on August 20, 1993. Alexious G. Fouras' will provided that a $600,000.00 testamentary trust be established for the benefit of his minor children from his second marriage. The will stated that the estate pay into the testamentary trust the amount of funds, which when added to any insurance proceeds available to the trust beneficiaries from Fouras' death and payable to the testamentary trust, would result in a total of $600,000.00 in the trust. The rest, residue and remainder was to be paid to his surviving wife, Evangeline Fouras. The decedent's son by his first marriage, Dean Fouras, was appointed as the executor of the estate. Attorney C. William Dawson was hired as the Attorney for the executor and the estate. The value of the estate was determined to be over $1,000,000.00. Administration of the estate proceeded. However, the widow began to have concerns over the handling of the estate by the executor and Attorney Dawson. The surviving spouse engaged an attorney and among other motions, filed an Exception to the initial Fiduciary's Accounting, an application for a hearing on the Executor's Proposal for Distribution of estate assets and a Motion opposing approval of executor fees and attorney fees, which had been requested by the executor and Attorney Dawson. These actions were followed with the surviving spouse taking the deposition of the executor and requesting to take the deposition of the attorney for the estate, Attorney C. William Dawson. At this point, the executor and Attorney Dawson chose to hire an expert, one Lane William, Attorney at Law, to present expert testimony regarding the objection to the executor's fees and partial attorney fees and a "litigation counsel for the executor and the estate," Attorney G. Rand Smith. Subsequently, on November 16, 1995, the surviving spouse moved to have the executor removed, alleging that the estate had not been administered properly, the duties of the executor had been neglected and that the neglect, or possibly more serious conduct, had cost the estate thousands of dollars in lost income and penalties. The surviving spouse also requested that the trial court award attorney fees to her, to be paid with estate assets. Motions, not relevant to the issues before this court, continued to be filed. However, the parties agreed to a distribution plan designating assets that would be placed into the testamentary trust and assets to be paid over to the surviving spouse. An Agreed Judgment Entry was filed on May 22, 1996. However, on July 1, 1996, the surviving spouse alleged that the executor had not complied with the May 22, 1996 agreed Judgment Entry. The surviving spouse filed a Motion to Enforce the Distribution as Designated in the May 22, 1996 Agreed Judgment Entry, require reimbursement of funds for unauthorized expenditures made with estate funds and for sanctions in the form of reasonable attorney fees paid by the executor to the surviving spouse for her legal representation. The surviving spouse argued that her legal fees were beneficial to the estate. These issues were set for a hearing. In the meantime, on October 15, 1996, the Executor filed the next Fiduciary's Account. This accounting reflected that assets totaling $415,604.03 remained in the Executor's hands. On November 14, 1996, appellant, Attorney G. Rand Smith, filed a Motion for Approval of Attorney Fees. At that point in time, Attorney Smith's fees totaled $5,943.00 for 45.80 hours of services. On December 16, 1996, the executor filed a Motion for Instructions. In the Motion, the executor stated that he found a document which purported to be an inter vivos revocable trust, executed by the deceased. Allegedly, the document reflects the decedent's intention to place all of his property in trust, prior to his death. The executor asked the trial court for instructions as to whether he should file the document, since the executor felt the document could effect his administration of the estate. On February 20, 1997, the trial court filed a Judgment Entry stating its preliminary views on the matters heard on February 7, 1997. The trial court documents that a hearing on the handling of the estate by the Executor and Attorney Dawson, attorney fees for Dawson and Attorney G. Rand Smith and executor fees was not completed and a continuation was ordered. Further, the trial court directed the surviving spouse to prepare a written legal memorandum in support of her argument that Attorney Smith's fees and the expert witness fees of Attorney William Lane should not be borne by the estate. Attorney Smith was given the opportunity to submit a similar memorandum in support of his position on the issue. The trial court takes notice that a legal malpractice suit against Attorney Dawson has been filed in the Franklin County Court of Common Pleas and states that it sees no reason why that matter should preclude settlement of this matter completely and fully. Lastly, the trial court noted that should there be law relevant to whether the surviving spouse may be entitled to reimbursement by the estate for legal fees she has incurred in pursuing this matter, the parties should present that law to the trial court. Subsequently, on March 11, 1997, the surviving spouse filed a Motion to Find the Executor in Contempt for failing to distribute the assets of the estate in accordance with the May 22, 1996, Agreed Judgment Entry. Thereafter, on March 19, 1997, the executor filed a Motion to Modify the May 22, 1996, Judgment Entry based upon changed circumstances. The executor claimed the changed circumstances were the continuation of the hearings in this case past their expected completion date, unanticipated deposition expenses, attorney fees, court costs and other expenses that exceed the balances of assets held by the estate. The executor argued that the balance remaining in the estate checking account should be maintained to ensure that funds would be available to pay the additional costs of the extended litigation. The surviving spouse responded by filing a Motion that claimed there were assets held by the estate, which were not included in the Agreed Judgment Entry, that exceed $130,000.00 and were specifically set aside for litigation costs. She continued to request distribution of estate assets in accordance with the Agreed Judgment Entry. Pursuant to a request by the trial court, in its December 20, 1997, Judgment Entry, the parties began to file Memorandums with the trial court, arguing their positions on the entitlement of fees to the executor, Dean Fouras, the attorney for the executor and the estate, C. William Dawson, and the estate litigation counsel, G. Rand Smith. As a supplementary attachment to his Memorandum, Attorney G. Rand Smith filed monthly itemized bills for services provided to the estate. On July 8, 1998, Attorney G. Rand Smith submitted a Notice of Withdrawal as counsel due to a lack of activity in the case "for more than one year from final submission of all matters pertaining", his belief that the estate and executor no longer needed his services and because he had not been compensated in any way for his services, time and expenses for a period of over two and one-half years. At that time, Attorney Smith filed a final bill with the trial court. The bill for services rendered totaled $61,270.82, before interest, and $71,618.25 with 10% interest on the unpaid balance, added on a monthly basis. On November 2, 1998, the trial court responded by issuing a Judgment Entry in which the court ordered the Executor to immediately pay "the partial bill of G. Rand Smith, Attorney, litigation counsel, the sum of $30,000.00 for fees and expenses, on services rendered as litigation counsel for the executor and estate of Alexious Fouras." The trial court authorized the use of estate funds for these fees. The Judgment Entry did not identify the means or reasons by which the trial court arrived at the $30,000.00 figure for Attorney Smith's attorney fees. On April 12, 1999, the trial court issued an Opinion and Judgment Entry which held, in relevant part: 1) A total of zero attorney fees would be approved for Attorney C. William Dawson; 2) A total of zero executor fees would be approved for Executor Dean Fouras; 3) The Motion to remove the Executor was found to be moot. The trial court reasoned that the only action which remained to be performed by the executor was the final distribution of the remaining assets; 4) The Motions of the Surviving Spouse for attorney fees, litigation expenses, sanctions and expert witness fees to be paid with estate funds were denied. 5) The Surviving Spouse' Exceptions to the Accounting were found to be moot. 6) The executor's request that expert witness, William Lane, be paid with estate funds was denied. The trial court found that it was not a legitimate expense of the estate, but should be borne by the executor and the attorney for the estate, C. William Dawson, in equal shares. 7) The previously ordered payment of $30,000.00 to Attorney Smith was found to be a reasonable fee to be paid by the estate. The trial court found that the balance was more appropriately borne by the executor and Attorney Dawson. 8) Court costs were assessed to the estate. On April 16, 1999, the executor filed a Motion for Findings of Fact and Conclusions of Law regarding the April 12, 1999, Judgment Entry. This Motion was made pursuant to Civ.R. 52. On May 11, 1999, Attorney Smith filed a Notice of Appeal, based upon the April 12, 1999, Judgment Entry. That same day, the executor and Attorney Dawson filed a Notice of Appeal, a Motion to Authorize the executor to pay for a transcript of the proceedings upon which the April 12, 1999, Judgment Entry was based and a Motion for the Court to Decide all Motions Pending Before the Court's Decision and Judgment of April 12, 1999. The Motions alleged to be pending before the trial court were the following: 1) Motion to Modify the May 22, 1996, agreed Judgment Entry as to how to distribute the proceeds of an estate checking account. 2) Motion of the surviving spouse to find Executor in Contempt for his failure to comply with the May 22, 1996, Agreed Judgment Entry regarding the distribution of an estate checking account funds. 3) Motion of the Executor for Instructions, filed December 16, 1996, regarding the document which purports to be an inter vivos revocable trust, executed by the decedent. On May 12, 1999, the surviving spouse filed a Notice of Appeal and a Motion for the Immediate Removal of the Executor, pursuant to R.C. 2109.24. The surviving spouse argued that the executor should be removed by reason of neglect of duty and incompetency, including the fact that no Fiduciary Account had been filed in over three and one-half years. The fiduciary thereafter filed a Fiduciary Account on June 4, 1999. The account reflected that $122,926.74 remained in the hands of the executor. On June 8, 1999, the trial court denied the executor's motion for the estate to pay for the preparation of the transcript of proceedings. The trial court found that the estimated cost for the preparation of the transcript was $6,000.00 and that requiring the estate to pay such a transcript would not benefit the estate. It is from the April 12, 1999, and June 8, 1999, Judgment Entries that appellants now appeal, raising the following assignments of error:
ASSIGNMENTS OF ERROR BY APPELLANT G. RAND SMITH
ASSIGNMENT OF ERROR I
 WHEN ONE PARTY TO A CIVIL ACTION SPECIFICALLY REQUESTS A TRIAL COURT TO ISSUE SPECIFIC FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS ERROR FOR THE TRIAL COURT NO [SIC] TO DO SO.
ASSIGNMENT OF ERROR II
 WHEN A PARTY OR LEGAL COUNSEL REQUESTS A TRIAL COURT TO REQUIRE AN ESTATE TO PAY FOR THE VERY MINOR PORTION OF A TRIAL TRANSCRIPT, AT THE ESTATE'S EXPENSE, IT IS ERROR FOR THE TRIAL COURT NOT TO GRANT SUCH RELIEF WHEN SAID TRANSCRIPT WOULD FURTHER HELP ALL PARTIES ADDRESS CONTESTED LEGAL ISSUES.
ASSIGNMENT OF ERROR III
 A TRIAL COURT WHICH DELAYS MAKING A DECISION IN A CASE FOR NEARLY TWO YEARS ABUSES ITS DISCRETION IN ISSUING A DECISION FROM MEMORY AND NOTES WITHOUT THE BENEFIT OF THE TRIAL TRANSCRIPT.
ASSIGNMENT OF ERROR IV
 WHEN AN ATTORNEY HAS BEEN RETAINED, APPOINTED AND RECOGNIZED AS LITIGATION COUNSEL FOR AN ESTATE, AND FULLY CARRIES OUT HIS LEGAL RESPONSIBILITY, IT IS ERROR FOR A TRIAL COURT NOT TO AWARD SAID ATTORNEY FULL COMPENSATION FOR HIS WORK PERFORMED. THIS IS ESPECIALLY TRUE WHEN ALL THE PARTIES STIPULATE AS TO THE TIME INCURRED BY THE ATTORNEY AND THE ATTORNEY'S HOURLY RATE.
 ASSIGNMENTS OF ERROR BY APPELLANT ESTATE OF ALEXIOUS G. FOURAS DEAN FOURAS, EXECUTOR C. WILLIAM DAWSON, ESQ.
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED IN NOT COMPLYING WITH A TIMELY FILED REQUEST FOR WRITTEN CONCLUSIONS OF FACT AND SEPARATE CONCLUSIONS OF LAW PURSUANT TO OHIO CIVIL RULE 52.
ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED IN FINDING THAT IT WAS NOT IN THE BEST INTEREST OF THE ESTATE FOR THE ESTATE TO PAY FOR A TRANSCRIPT OF THE PROCEEDINGS.
ASSIGNMENT OF ERROR III
 THE TRIAL COURT ERRED IN NOT DECIDING THE VALIDITY OF THE INTER VIVOS TRUST CREATED BY DECEDENT PRIOR TO UNDERTAKING HEARINGS ON THE OTHER MOTIONS.
ASSIGNMENTS OF ERROR OF APPELLANT EVANGELINE FOURAS
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED IN FINDING THAT G. RAND SMITH — APPELLEE IS ENTITLED TO $30,000.00 AS AND FOR HIS SERVICES AS LITIGATION COUNSEL FOR EXECUTOR — APPELLEE DEAN FOURAS AND/OR ATTORNEY C. WILLIAM DAWSON.
ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED IN NOT DECIDING OBJECTOR-APPELLANT'S PENDING MOTION IN CONTEMPT FILED ON OR ABOUT MARCH 17, 1997.
ASSIGNMENT OF ERROR III
 THE TRIAL COURT ERRED IN NOT MAKING REQUESTED WRITTEN CONCLUSIONS OF FACT AND SEPARATE CONCLUSIONS OF LAW UNDER CIVIL RULE 52.
Each of the appellants in this case raise as error the trial court's failure to make Findings of Fact and Conclusions of Law pursuant to the Executor's Civ.R. 52 Motion. Civ.R. 52 provides: When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law. . . . An opinion or memorandum of decision filed in the action prior to judgment entry and containing findings of fact and conclusions of law stated separately shall be sufficient to satisfy the requirements of this rule and Rule 41(B)(2). Civ.R. 52 confers a substantial right, is mandatory, and is not a matter within the trial court's discretion. St. Paul Ins. v. Battle (1975), 44 Ohio App.2d 261
(citing Cleveland Produce Co. v. Dennert (1922), 104 Ohio St. 149). The Ohio Supreme Court has held that when a timely request for findings of fact and conclusions of law has been filed in accordance with Civ.R. 52, the time period for filing a notice of appeal does not commence to run until the trial court files its findings of fact and conclusions of law. Walker v. Doup (1988),36 Ohio St.3d 229, 231, 522 N.E.2d 1072. The Supreme Court stated " [t]he obvious reasons for requiring findings are . . . to apprise petitioner of the grounds of the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." Id. at 230-231 (quoting Jones v. State (1966),8 Ohio St.2d 21, 22, 222 N.E.2d 313). The Court went on to state: "Requiring an appellant to perfect an appeal without having findings and conclusions before him would deter judicial economy, for it would guarantee two trips to the appellate court — first, to compel the findings and conclusions and second, to review the decision on the merits." Id. at 231. That is exactly the situation before this court today. We find that a timely motion for findings of fact and conclusions of law, pursuant to Civ.R. 52, was filed by the Executor of the estate. When no findings of fact and conclusions of law were filed by the trial court, subsequent to the Civ.R. 52 motion, the parties filed their Notices of Appeal within the thirty days following the April 12, 1999, Judgment Entry, seemingly to protect their rights and avoid the possibility of filing an untimely notice of appeal. We note that the trial court did issue an Opinion in addition to the Judgment Entry. Civil Rule 52 allows that an opinion or memorandum of decision filed in the action prior to judgment entry and containing findings of fact and conclusions of law stated separately is sufficient to satisfy the requirements of this rule and Civ.R. 41(B)(2). However, while the trial court's Opinion was quite detailed as to many of the facts before it, we find that it did not sufficiently address the issue before this court as to the determination of attorney fees, appropriately paid with estate funds, for Attorney G. Rand Smith. In this regard, the trial court states the following: "5. A motion or request for payment of legal fees for work performed by G. Rand Smith, litigation counsel, who was retained by the executor and William Dawson, attorney for the estate, has been submitted. As of May 1, 1997 the requested amount was $54,265.94. The bill includes charges for accrued interest on balances due but unpaid beginning on January 1, 1996. The fee agreement, however, is silent as to fees or billing for interest and therefore, interest must be excluded.
The Court has previously approved by separate judgment entry the payment of $30,000.00 from the estate for attorney G. Rand Smith as trial litigator. The Court finds this to be reasonable fee or amount which can be paid by the estate, for the benefit of the estate. The Court specifically disallows any amounts in excess of the $30,000.00, to be paid from the estate. The balance in fees excluding interest are more appropriately borne by William Dawson and Dean Fouras.
We find that the trial court's Opinion, in regard to the issue of estate paid attorney fees approved for Attorney G. Rand Smith is factually insufficient. From the trial court's facts, this court cannot engage in a meaningful judicial review as to this issue. In other words, we do not know why the trial court made the order it did regarding Attorney G. Rand Smith's attorney fees. We find that insufficient findings of fact do not satisfy the requirements of Civ.R. 52. In the case sub judice, the trial court did issue findings of fact when it issued its Judgment Entry but those findings were insufficient to explain the trial court's final ruling as to the issue of Attorney Smith's fee. Subsequently, one of the parties filed a timely request for findings of fact. The trial court did not issue any further findings nor did it issue any ruling in response to the request. Pursuant to the reasoning of the Ohio Supreme Court in its per curiam opinion in Walker, supra. we find that the judgment of the trial court did not become final for purposes of triggering the thirty day time period within which a notice of appeal must be filed pursuant to App. R. 4. Any appeal filed to that judgment was therefore filed prematurely because the order had not become a final appealable order. We draw this conclusion based on the following from Walker, supra, p. 229-230. "The issue presented in this case is whether a timely motion for separate findings of fact and conclusions of law under Civ.R. 52 prevents an otherwise final judgment from becoming final for purposes of App. R. 4 until the findings of fact and conclusions of law are filed by the trial court. [footnote omitted] For the reasons discussed below, we hold in the affirmative. . . ." Therefore, we dismiss the appeals that are pending as to Attorney Smith's fees because we lack jurisdiction to decide that issue. The trial court still retains jurisdiction in the case sub judice to rule on motions filed after its judgment entry and prior to that entry becoming a final appealable order. In the case sub judice this means the trial court must rule on the request for findings of fact that is pending as well as the motion filed requesting the trial court to decide all motions pending with the trial court prior to the trial court's April 12, 1999, Judgment Entry. Those motions included the motion of the surviving spouse to find the Executor in contempt for failure to comply with the May 22, 1996, Judgment Entry regarding distribution of estate funds and the motion of the Executor for instructions regarding the alleged inter vivos revocable trust executed by the decedent. Since the trial court has not ruled upon those motions and still has jurisdiction to do so, we dismiss the appeals in regard to those issues as being premature. We lack jurisdiction to rule on those appeals because there are no final appealable orders regarding those issues. We have provided clear instruction to the trial court that it must issue further findings in the case sub judice in order to create a final appealable order from which the clock starts running pursuant to App. R. 4. Therefore, we find that it is premature to address the appeal regarding whether the trial court abused its discretion in issuing a decision two years after the evidentiary hearing when the trial court had no trial transcript to review. We cannot determine the issue of whether the trial court abused its discretion regarding this issue until we are able to review all of the findings of fact made by the trial court. The trial court issued its ruling regarding the nonpayment of the transcript from estate funds in a Judgment Entry that was separate from the Judgment Entry dealing with the merits of the case. This was obviously done because the request regarding the transcript costs was raised by a separate motion after the Judgment Entry on the merits was filed. Rather than discuss whether or not this separate entry is a final appealable order, we simply decline to address the appeal from the entry regarding the transcript's cost because we find it is premature. Once again, for us to determine if the trial court abused its discretion in denying the request to pay for the transcript from estate funds, we must be able to review the trial court's entire findings of fact regarding the merits of the case. And, as set forth earlier, the trial court should be making additions to those findings.
For the reasons stated above, the appeals in the case sub judice are dismissed.
 _______________________ EDWARDS, J.
WISE, P.J. and READER, V.J. concurs