OPINION
(Nunc Pro Tunc)
Defendant-appellant Jim Kirby, d.b.a. Kirby Tire, appeals the April 23, 1999, Judgment Entry of the Holmes County Court, Small Claims Division, in favor of Plaintiff-Appellee Millersburg Tire Service.
 STATEMENT OF THE FACTS AND CASE
A complaint was filed on February 25, 1999, by Millersburg Tire Service against Jim Kirby, d.b.a. Kirby Tire. Thereafter, appellant (hereinafter "Kirby") filed a motion to transfer the case to the Licking County Municipal Court, Small Claims Division. The Motion to Transfer was denied.
A trial was conducted on April 14, 1999. On April 23, 1999, a Judgment Entry was filed entering judgment in favor of Millersburg Tire Service, Inc. and against Kirby in the sum of $1,857.52 plus interest at the rate of 24% per annum together with the costs of the action.
Kirby filed a timely request for findings of fact and conclusions of law, pursuant to Civ.R. 52, filed on April 30, 1999. On May 6, 1999, the trial court denied Kirby's request for findings of fact and conclusions of law.
It is from the April 23, 1999, and May 6, 1999, Judgment Entries that appellant Kirby prosecutes this appeal, raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED IN OVERRULING APPELLEE'S MOTION TOTRANSFER FOR IMPROPER VENUE.
 ASSIGNMENT OF ERROR II 
THE TRIAL COURT ERRED IN GRANTING JUDGMENT WHERE THE COMPLAINT FAILED TO STATE A CLAIM AND THE COURT THEREFORE HAD NO JURISDICTION OVER THE SUBJECT MATTER.
 ASSIGNMENT OF ERROR III
THE TRIAL COURT ERRED IN FAILING TO RENDER FINDINGS OF FACT AND CONCLUSIONS OF LAW.
 ASSIGNMENT OF ERROR IV
THE TRIAL COURT ERRED IN GRANTING JUDGMENT AGAINST JIM KIRBY, D.B.A. KIRBY TIRE SERVICE.
 ASSIGNMENT OF ERROR V
THE TRIAL COURT ERRED IN GRANTING JUDGMENT IN FAVOR OF MILLERSBURG TIRE SERVICE, INC. WHICH WAS NOT A PARTY TO THE PROCEEDINGS.
 ASSIGNMENT OF ERROR VI
THE TRIAL COURT ERRED IN GRANTING JUDGMENT FOR INTEREST AT THE RATE OF 24% PER ANNUM.
 ASSIGNMENT OF ERROR VII
THE JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III
Appellant requested that the trial court make separate findings of fact and conclusions of law, pursuant to Civ.R. 52. The trial court did not do so, stating the following in the Judgment Entry: "Rule 1(C) of the Ohio Civil Rules provides that: `These rules . . . shall not apply to procedure. . . . (4) in small claim matters under chapter 1925, Reviced [sic] Code.'" We disagree.
Civil Rule 1(C) states that:
 These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure . . . (4) in small claims matters under Chapter 1925, Revised Code . . .; provided, that where any statute provides for procedure by a general or specific reference to the statutes governing procedure in civil actions such procedure shall be in accordance with these rules." (Emphasis added).
We read Civil Rule 1(C) to say that the Civil Rules are applicable to small claims cases unless a particular rule is clearly inapplicable. The applicability of the Civil Rules of Procedure in small claims actions is addressed in R.C. 1925.16. R.C. 1925.16 states that the Rules of Civil Procedure are applicable to proceedings in the Small Claims Division of a municipal court, except to the extent that the rules are inconsistent with the procedure set forth in R.C. Chapter 1925. Therefore, we find that the Civil Rules are clearly inapplicable to a small claims case only when a particular rule is inconsistent with the small claims statutes. Otherwise, the Civil Rules apply. See also Faber v. Crowell (Feb. 14, 2000), Preble App. No. CA99-07-015, unreported, 2000 WL 190020 (citing Crumley v. Murphy
(1980), 68 Ohio App.2d 145, 428 N.E.2d 452 in which the court found that all proceedings in the small claims division are generally subject to the Rules of Civil Procedure, except where R.C. Chapter 1925 addresses specific small claims procedures.
Whether the Rules of Civil Procedure are applicable to a specific aspect of a proceeding or in conflict with a governing statute is a question which must be decided on a case-by-case basis. Ramsdell v. Ohio Civil Rights Commission (1990), 56 Ohio St.3d 24,27, 563 N.E.2d 285.
In applying Civ.R. 1(C) and this statute, the courts of this state have held that the procedure set forth in Civ.R. 52 is consistent with the procedure in the code. We agree. No section of R.C. Chapter 1925 addresses findings of fact or conclusions of law. Accordingly, Civ.R. 52 is applicable to proceedings in the Small Claims Division. In accord, Gutzky v. Elerik (March 29, 1996), Trumbull App. 95-T-5304, unreported, 1996 WL 210777 (citing Ohio Valley Laundry and Dry Cleaners v. Kent (Nov. 10, 1986), Gallia App. No. 85CA24, unreported, 1986 WL 12633).
We reject Millersburg Tire Service's argument that "forcing a court to draft findings of fact and conclusions of law in [small claims] cases could very well defeat the purpose of having such a court." Millersburg Tire Service contends that if the represented party desires findings of fact and conclusions of law, the parties should remove the case from the small claims docket and place the case on the regular docket of the county or municipal court. Appellee cites no authority for such an argument.
The Ohio Supreme Court addressed the important policy considerations underlying findings of fact and conclusions of law in Walker v. Doup (1988), 36 Ohio St.3d 229, 230-231, 2d 1072, as follows:
 The obvious reasons for requiring findings are. . . . to appraise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to property determine appeals in such as cause. Jones v. State (1966), 8 Ohio St.2d 21, 22, 222 N.E.2d 313. The existence of findings and conclusions [is] essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reason to appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error. [Footnote omitted.] Id. at 219.
We find the same policy considerations that underlie Walker
apply in this case. Until a trial court files its findings of fact and conclusions of law, an appellant has no opportunity to determine the basis for an appeal.
Therefore, because of the failure of the trial court to make the requested findings of fact and conclusions of law, we do not reach the issues raised by assignments of error I-II and IV — VII.
In order to reserve to the parties their respective rights of appeal after such findings have been made by the trial court, the judgment is reversed and vacated and the case remanded to the trial court with instructions to make findings of fact and conclusions of law and enter judgment consistent with its findings of fact and conclusions of law.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Holmes County Court, Small Claims Division, is reversed and remanded back to the trial court for proceedings consistent with this opinion. Costs to appellant.
By EDWARDS, J. GWIN, P.J. and WISE, J. concurs