Defendant Randy L. Yerian appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, which terminated his marriage with plaintiff-appellee Laura L. Yerian, divided the marital property and debts, and awarded appellee spousal support.
The record indicates the trial court entered the decree of divorce on June 29, 2000, and appellant filed a motion for separate findings of fact and conclusions of law on June 30, 2000. The record does not demonstrate the trial court ruled on appellant's request.
On July 31, 2000, appellant filed his notice of appeal, and also a motion for a stay of the judgment.
In Walker v. Doup (1988), 36 Ohio St.3d 229, the Ohio Supreme Court held:
 When a timely motion for findings of fact and conclusions of law has been filed in accordance with Civ.R. 52, the time period for filing a notice of appeal does not commence to run until the trial court files its findings of fact and conclusions of law.
Syllabus by the court.
Civ.R. 52 provides a party may move for findings of fact and conclusions of law in writing either before the entry of judgment or not later than seven days after the parties have been given notice of the court's decision, whichever is later.
It appears from the record appellant's motion for findings of fact and conclusions of law was made timely. Further, the trial court's judgment entry granting the decree of divorce does not contain any factual findings regarding either of the contested issues of spousal support and division of property. Likewise, the magistrate's findings made in support of temporary orders did not address the issues of spousal support and property division.
In Walker, supra, the Ohio Supreme Court found a timely motion for separate findings of fact and conclusions of law prevents an otherwise final judgment from becoming final for purposes of appeal until the findings of fact and conclusions of law are filed by the trial court,Walker at 229.
We find we do not have jurisdiction over this appeal, because the judgment appealed from is not a final appealable order.
The appeal is dismissed.
 _______________ Gwin, J.,
Edwards, P.J., Wise, J., concur