OPINION
This is an appeal from a decision of the Stark County Court of Common Pleas, Family Court Division granting a divorce, division of property, spousal and child support and visitation.
Appellant raises four Assignments of Error.
 I THE TRIAL COURT ABUSED ITS DISCRETION AND ACTED CONTRARY TO LAW IN AWARDING DEFENDANT-APPELLEE THE PARTIES' STATE AND FEDERAL TAX REFUNDS AND ORDERING PLAINTIFF-APPELLANT TO ASSUME MORE MARITAL DEBT TO ACCOUNT FOR FIFTEEN THOUSAND DOLLARS ($15,000.00) DEFENDANT-APPELLEE BROUGHT TO THE MARRIAGE.
 II THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING DEFENDANT-APPELLEE SPOUSAL SUPPORT IN THE AMOUNT OF ELEVEN HUNDRED DOLLARS ($1100.00) PER MONTH FOR THIRTY-SIX (36) MONTHS.
 III THE TRIAL COURT ERRED IN FINDING THAT THE PARTIES AGREED UPON RESIDENTIAL PARENT AND VISITATION.
 IV THE TRIAL COURT ERRED IN FINDING THAT THE PARTIES REACHED AN AGREEMENT AS TO THE DIVISION OF MARITAL PROPERTY.
The facts in this case are that the parties were married on April 20, 1991, with one child born thereafter on December 14, 1995.
At the time of marriage appellee was the owner of a home with significant equity.
The home was subsequently sold, the equity utilized to purchase a building site and a new home constructed.
Appellant, at the time of the marriage and until May 1, 1998, was employed at Applecreek Bank with annual earnings of $40,000.00. On such listed date he became a commissioned employee of Signature Mortgage. From 1998 to 2000 his earnings at Signature varied between approximately $40,000.00 and $110,000.00. In 2000 due to higher interest rates reducing mortgage applications, his earnings fell to $60,000.00. He also had additional income from sports refereeing.
During the marriage, appellee's income came from Magic Lawn Incorporated and as owner of an office cleaning business. The Magic Lawn employment is not full time.
Despite appellant's experience in the banking field, he engaged in excessive credit card and mortgage financing to support a lifestyle beyond their means. Appellee participated in this lifestyle.
Appellant's financial burden was accentuated by an admitted gambling habit. The extent of this was disputed in that appellee testified it was up to $5,000.00 per month while appellant stated it was $4,290.00 over a period of 1992 to 1997.
The trial court made certain orders with regard to personal property debt allocation, residential parent with visitation and division of marital property as to which appellant claims abuse of discretion and error in fact.
In this cause, appellant filed a request for findings of fact and conclusions of law pursuant to Civil Rule 52.
The trial court has not acted on such request.
The Ohio Supreme Court has held that when a timely request for findings of fact and conclusions of law has been filed in accordance with Civ.R. 52, the time period for filing a notice of appeal does not commence to run until the trial court files its findings of fact and conclusions of law. Walker v. Doup (1988), 36 Ohio St.3d 229, 231, 522 N.E.2d 1072. The Supreme Court stated "[t]he obvious reasons for requiring findings are . . . to apprise petitioner of the grounds of the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." Id. at 230-231, 522 N.E.2d 1072 (quoting Jones v. State
(1966), 8 Ohio St.2d 21, 22, 222 N.E.2d 313). The Court went on to state: "Requiring an appellant to perfect an appeal without having findings and conclusions before him would deter judicial economy, for it would guarantee two trips to the appellate court — first, to compel the findings and conclusions and second, to review the decision on the merits." Id. at 231.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Common Pleas Court, Stark County, Ohio is dismissed. Costs to Appellant.
Hon. Julie A. Edwards, P.J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.