OPINION
Appellant Russell Booth, Administrator of the Estate of Harold Hendershot, appeals a judgment of the Guernsey County Common Pleas Court ordering defendant appellee cross-appellant Suburban Tractor Company to pay the estate $3432.94:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NUMBER ONE
 THE TRIAL COURT ERRED IN PERMITTING SUBURBAN TRACTOR COMPANY TO "SELL" THE TRACTOR SINCE ITS REPOSSESSION OF THE TRACTOR WAS UNLAWFUL.
ASSIGNMENT OF ERROR NUMBER TWO
 THE TRIAL COURT ERRED IN FINDING THAT SUBURBAN TRACTOR COMPANY SOLD THE TRACTOR TO BENJAMIN HENDERSHOT FOR THE SUM OF $5,010.04
ASSIGNMENT OF ERROR NUMBER THREE
 THE TRIAL COURT ERRED IN FINDING BENJAMIN HENDERSHOT TO BE A VALID BUYER OF THE TRACTOR.
ASSIGNMENT OF ERROR NUMBER FOUR
 THE TRIAL COURT ERRED IN THE MANNER IN WHICH IT DETERMINED THE VALUE OF THE TRACTOR AS OF THE DATE OF THE "SALE."
ASSIGNMENT OF ERROR NUMBER FIVE
 THE TRIAL COURT ERRED IN HOLDING THE ESTATE LIABLE FOR REPAIRS TO THE TRACTOR IN THE AMOUNT OF $100.00
ASSIGNMENT OF ERROR NUMBER SIX
 THE TRIAL COURT ERRED IN PENALIZING THE ESTATE IN THE AMOUNT OF $250.00 A MONTH FOR TEN MONTHS BASED UPON THE NEGLIGENCE OF THE EXECUTOR.
Defendant Suburban Tractor Company cross appeals:
ASSIGNMENTS OF ERROR
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN DECIDING THAT A COMPLETED SALE OF THE TRACTOR WAS MADE BY DEFENDANT-APPELLANT SUBURBAN TRACTOR TO DEFENDANT-APPELLEE BENJAMIN HENDERSHOT ABSENT ANY EVIDENCE THAT DEFENDANT-APPELLANT SUBURBAN TRACTOR EVER OWNED THE TRACTOR OR HAD THE RIGHT TO SELL THE TRACTOR.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN DECIDING THAT A COMPLETED SALE OF THE TRACTOR WAS MADE BY DEFENDANT-APPELLANT SUBURBAN TRACTOR TO DEFENDANT-APPELLEE BENJAMIN HENERSHOT [SIC] WHEN THE UNDISPUTED WRITTEN EVIDENCE SPECIFIED THAT THE TRANSACTION WAS MERELY THE PAYOFF OF THE PURCHASE MONEY PROMISSORY NOTE ENCUMBERING THE TRACTOR.
THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED BY REFUSING TO FIND A MUTUAL MISTAKE AND THE ABSENCE OF A MEETING OF THE MINDS IN THE ALLEGED CONTRACT, WHERE THE BUYER TESTIFIED THAT HE INTENDED TO PURCHASE AND ACQUIRE TITLE TO THE TRACTOR BUT THE UNDISPUTED EVIDENCE WAS THAT THE ALLEGED SELLER, SUBURBAN TRACTOR, INTENDED NOTHING MORE THAN THE ACHIEVE A PAYOFF OF THE PURCHASE MONEY PROMISSORY NOTE SO THAT THE TRACTOR COULD BE RETURNED TO THE EXACT LOCATION FROM WHICH IT HAD BEEN REPOSSESSED THE PREVIOUS DAY.
FOURTH ASSIGNMENT OF ERROR
 THE DECISION OF THE TRIAL COURT THAT A COMPLETED SALE OF THE TRACTOR WAS MADE BY SUBURBAN TRACTOR TO BENJAMIN HENDERSHOT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant Booth filed the instant action on behalf of the estate, to recover the estate's equity in a large agricultural tractor in the possession of the decedent's son. The claim proceeded to bench trial on May 23, 2001. On June 8, 2001, the court entered final judgment, ordering Suburban Tractor to pay the estate $3432.94. In its judgment entry, the court found that a complete sale of the tractor had been made by Suburban Tractor to appellee Benjamin Hendershot, and ordered Suburban Tractor to make certain payments to appellant Booth. However, while finding Benjamin Hendershot was a valid buyer of the tractor, the court found Suburban Tractor to have no legal authority to sell the asset without approval or consent of the estate. The court made no other findings of fact, despite a request for findings of fact and conclusions of law filed by appellant Booth on May 30, 2001, prior to judgment.
Before proceeding to specific assignments of error set forth in the brief of appellant Booth, appellant draws attention to an inconsistency in the judgment entry of the court. The first two sentences of the court's judgment state, "The court finds Benjamin Hendershot to be a valid buyer of the tractor. The court finds Suburban Tractor to have had no legal authority to sell the asset in question, being the tractor, without the approval or consent of the estate." We agree with the appellant that these two findings are apparently inconsistent.
Further, appellant made a request for findings of fact and conclusions of law prior to the date of the judgment entry. Civ. R. 52 provides that when questions of fact are tried by the court without a jury, judgment may be in general for the prevailing party, unless one of the parties requests findings of fact and conclusions of law before the entry of judgment, or no later than seven days after the party filing the request has been given notice of the court's announcement of its decision. When a party makes a written request for findings of fact and conclusions of law, the court shall state in writing the conclusions of fact, found separately from the conclusions of law. Id.
A timely motion for separate findings of fact and conclusions of law prevents an otherwise final judgment from becoming final until the findings are filed by the trial court. Walker v. Doup (1988),36 Ohio St.3d 229. As the judgment appealed from is not a final appealable order, the appeal is dismissed for want of jurisdiction.
By GWIN, P.J., WISE, J., and EDWARDS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the appeal is dismissed for want of a final, appealable order.