OPINION
Plaintiff-appellant, Tamara Katko, fka Bauer, appeals the decision of the Clermont County Court of Common Pleas, Domestic Relations Division, on visitation and related issues.
The procedural history of this case is as follows: A magistrate for the domestic relations division held a hearing and issued a decision on September 27, 2001, on various substantive matters involving parenting, venue, and contempt of court. Appellant filed a request for findings of fact and conclusions of law on October 9, 2001. The magistrate denied appellant's motion for findings and conclusions on October 17, 2001, for failing to follow Loc.R. 5.4.
Appellant subsequently filed objections to the September 27 decision on October 25, 2001. Those objections were overruled by the trial court on October 31, 2001, as being untimely filed and lacking a transcript for review. Appellant appeals both the September 27 and October 17 decisions of the magistrate.
The resolution of this appeal centers on appellant's motion for findings of fact and conclusions of law.
Civ.R. 52 states, in pertinent part: "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.
"When a request for findings of fact and conclusions of law is made, the court, in its discretion, may require any or all of the parties to submit proposed findings of fact and conclusions of law; however, only those findings of fact and conclusions of law made by the court shall form part of the record."
Loc.R. 5.4 states, in part, that, "When a request for findings of fact and conclusions of law is made to a magistrate's decision or a Judge's decision, the party making the request shall submit proposed findings of fact and conclusions of law at the same time that the request is submitted. The Court, in its discretion, may additionally require any or all parties to submit proposed findings of fact and conclusions of law."
Civ.R. 53(E) states, in pertinent part:
 "(2) Findings of fact and conclusions of law. If any party makes a request for findings of fact and conclusions of law under Civ.R. 52 or if findings and conclusions are otherwise required by law or by the order of reference, the magistrate's decision shall include findings of fact and conclusions of law. If the request under Civ.R. 52 is made after the magistrate's decision is filed, the magistrate shall include the findings of fact and conclusions of law in an amended magistrate's decision.
"(3) Objections
 "Time for filing. Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision. If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a request for findings of fact and conclusions of law under Civ.R. 52, the time for filing objections begins to run when the magistrate files a decision including findings of fact and conclusions of law." (Emphasis added.)
In her first assignment of error, appellant argues that the local rule requiring a contemporaneous filing of proposed findings of fact and conclusions of law conflicts with Civ.R. 52 and Civ.R. 53 and, therefore, it was error for the trial court to rely on the local rule to deny her request for findings of fact and conclusions of law.
Under Section 5(B), Article IV of the Ohio Constitution, Civ.R. 83, and Sup.R. 5, local rules may not be inconsistent with any rule governing procedure or practice promulgated by the Ohio Supreme Court, including the Rules of Civil Procedure. Vance v. Roehersheimer, 64 Ohio St.3d 552,1992-Ohio-89.
In interpreting Civ.R. 52, the Ohio Supreme Court has held that a trial court has a mandatory duty under this rule to issue findings of fact and conclusions of law upon a timely request. State ex rel. Papp v. James,69 Ohio St.3d 373, 377, 1994-Ohio-86. Findings of fact and conclusions of law are necessary to prosecute an appeal and for effective appellate review. Walker v. Doup (1988), 36 Ohio St.3d 229, 231.
While Civ.R. 52 permits courts, at their discretion, to order the parties to submit proposed findings of fact and conclusions of law, the rule does not provide a deadline for submitting such proposals.
A research survey of applicable case law produced cases in which parties were required by the trial court to submit proposed findings and conclusions, giving the party deadlines ranging from several days to less than a month. See Mason v. Mason (Mar. 3, 1999), Union App. No. 14-98-23 (local rule stated that requesting party must file proposed findings and conclusions within 14 days of filing the request or the request is deemed waived).
The question before this court is whether the local rule in the instant case, by including a contemporaneous deadline for proposals, unreasonably impedes a party's right to request findings and conclusions, thereby conflicting with the rules of civil procedure and denying due process and meaningful review.
We answer that question affirmatively. Loc.R. 5.4 conflicts with the rules of civil procedure and is invalid. While the trial court may require one or more parties to submit proposed findings of fact and conclusions of law, the trial court may not effectively close the courthouse doors to such party by unreasonably requiring such proposed findings and conclusions at the same time a request is made.
Accordingly, we sustain the portion of appellant's first assignment of error as it pertains to the impact of the local rule on this case. We reverse the October 17, 2001 decision of the trial court that overruled appellant's request for findings of fact and conclusions of law based on the local rule.
We remand this case to the trial court so that the magistrate may issue an amended decision with the appropriate findings of fact and conclusions of law. Civ.R. 53 determines the timeliness on objections to the magistrate's amended decision. The remaining portion of appellant's first assignment of error and the remaining two assignments of error are rendered moot.
Judgment reversed and remanded to the trial court for proceedings consistent with this opinion.
POWELL, J., concurs.
WALSH, P.J., concurs separately.