[Cite as *Dyer v. Gomez*, 2021-Ohio-1168.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## NOBLE COUNTY

DAGMAR D. DYER,

Plaintiff-Appellee,

v.

JOHN PAUL GOMEZ,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 NO 0476**

---

Civil Appeal from the
Court of Common Pleas of Noble County, Ohio
Case No. 205-135

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Dismissed.

---

Dagmar D. Dyer, *Pro Se,* 1602 Clairmont Avenue, Cambridge, Ohio 43725, Plaintiff-Appellee and

John Paul Gomez, *Pro Se,* 3313 Kathy Drive, Pittsburgh, Pennsylvania, 15204, Defendant-Appellant.

Dated: March 31, 2021

_____

**D'APOLITO, J.**

{¶1} Appellant, John Paul Gomez, acting pro se, appeals two judgment entries of the Noble County Court of Common Pleas: The first judgment entry, time stamped 10:22 a.m. on July 21, 2020, summarily overrules Appellant's motion for modification of parental rights and responsibilities with respect to the children he shares with Appellee, Dagmar Dyer, N.G. (d.o.b. 8/6/2003) and E.G. (d.o.b. 3/2/2005). The second judgment entry, time stamped 3:19 p.m. that same day, overrules Appellant's Civil Rule 52 motion for findings of fact and conclusions of law. The motion was filed one day earlier on July 20, 2020.

{¶2} The second judgment entry reads, in pertinent part, "Since the Judgment Entry in this case deciding the case has been filed prior to receiving the Motion of Findings of Fact and Conclusions of Law by the visiting judge, this motion is denied." However, Civil Rule 52 reads, in relevant part:

> When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ. R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the findings of fact found separately from the conclusions of law.

{¶3} The Civ.R 52 motion was filed on July 20, 2020, one day prior to the entry of judgment overruling the motion for modification of parental rights and responsibilities on July 21, 2020. Because Civ.R. 52 permits a party to file the motion prior to the issuance of the judgment entry, the trial court was obligated to issue findings of fact and conclusions of law.

{¶4} We have previously recognized that "Civ.R. 52 applies to change of custody proceedings which involve questions of fact tried and determined by the court without a jury." *In re Aldridge*, 7th Dist. Jefferson No. 98-JE-53, 2000 WL 126601, *2, citing *State*

Case No. 20 NO 0476

*ex rel. Papp v. James*, 69 Ohio St.3d 373, 377, 632 N.E.2d 889 (1994). When a timely motion for findings of fact and conclusions of law has been filed in accordance with Civ.R. 52, the time period for filing a notice of appeal does not commence to run until the trial court files its findings of fact and conclusions of law. *Aldridge* at *2, citing *Walker v. Doup*, 36 Ohio St.3d 229, 522 N.E.2d 1072 (1988), syllabus. Thus, a timely motion for separate findings of fact and conclusions of law under Civ.R. 52 prevents an otherwise final judgment from becoming final for the purposes of App.R. 4 until the findings of fact and conclusions of law are filed by the trial court. *Papp, supra*, at 381.

{¶5} Accordingly, we lack jurisdiction to consider this matter and the appeal is dismissed with instructions to the trial court to submit its findings of fact and conclusions of law as required by Civ.R. 52.

Donofrio, P.J., concurs.

Waite, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the appeal from the Court of Common Pleas of Noble County, Ohio, is dismissed with instructions to the trial court to submit its findings of fact and conclusions of law as required by Civ.R. 52. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**