DECISION AND JUDGMENT ENTRY
Lucy C. Caruthers appeals the decision of the Gallia County Court of Common pleas sustaining the Magistrate's decision not to order William D. Caruthers to pay spousal support as part of the judgment of divorce. She first argues that the trial court abused its discretion in failing to award her spousal support. Because we find that the trial court did not act arbitrarily, unreasonably, or unconscionably, we disagree. She also argues that the trial court erred in failing to rule on her request for separate findings of fact and conclusions of law. Because the trial court eventually ruled upon the untimely request, we disagree. Accordingly, we affirm the judgment of the trial court.
 I.
The parties married in 1988, when they were both in their mid to late forties. The parties have no children together. Shortly after their marriage, the parties purchased a home. William withdrew twenty thousand dollars from non-marital funds for the down payment.
Prior to the marriage, Lucy worked at minimum wage jobs, such as housekeeping and bartending. During the year prior to the marriage, Lucy did not work. At the request of William, Lucy also did not work during the marriage. William worked during the entire marriage. At the time of the divorce proceedings, William earned approximately seventy-six thousand dollars per year at American Electric Power. William also received rental income from non-marital property.
During the pendency of the divorce proceedings, William paid Lucy fifteen hundred dollars per month in temporary spousal support and Lucy lived in the marital home.
By the time of the final hearing, the parties entered into a property settlement. Pursuant to the settlement, William would: (1) deed the marital home to Lucy; (2) pay the remaining ten thousand dollars on the martial home's mortgage (3) waive his right to the twenty thousand dollars in non-marital funds used to purchase the home; and (4) pay Lucy sixteen thousand five hundred dollars. In exchange, Lucy waived her right to her marital share of William's retirement account with his employer. William further agreed to pay Lucy's COBRA health insurance premium for eighteen months; and then pay two hundred and seventy-six dollars per month for an additional eighteen months toward other health insurance. Also pursuant to the settlement, Lucy retained the 1993 Buick, which the parties owned, while William retained the parties' other vehicle and assumed the debt on it. The parties' divided the marital furniture and other personal property.
The magistrate issued a decision granting the parties a divorce because of incompatibility. The magistrate incorporated the parties' property settlement into its decision.
Thus, the only issue remaining at the final hearing was spousal support. At the final hearing, Lucy testified that she was fifty-four years old and had not worked for approximately twelve years. She explained that she had mainly worked at minimum wage jobs prior to this marriage. Lucy did not graduate from high school and has no other formal training or education. As a result of breast cancer during the marriage, Lucy underwent a mastectomy and chemotherapy. Lucy testified that she is seeing a doctor for "nerves," high blood pressure, and muscle spasms. She explained that she suffers from fatigue and mental lapses. Lucy expressed her desire to work, but explained that with her physical condition and lack of skills, she fears that she will not be able to find a job. She also detailed her expenses and explained that several insurance companies have declined to cover her because of her medical history.
The magistrate issued a decision denying Lucy's request for spousal support. In its decision, the magistrate noted that William paid Lucy six thousand dollars in spousal support during the proceedings and has agreed to pay her approximately ten thousand dollars by agreeing to pay her health insurance premiums or a similar amount for three years. The magistrate found that the marriage was of a relatively short term between two middle-aged adults. The magistrate also found that the only substantial difference between the parties was the parties' earning abilities and found that the duration of William's employment is not certain because of Southern Ohio Coal Company's supply and environmental problems.
Lucy filed objections to the decision of the magistrate, arguing that the record did not support the magistrate's findings and that the magistrate made mistakes of law. After the parties briefed the issues, the trial court found that the magistrate did not commit any factual or legal errors and overruled the objections. The clerk filed the entry on May 18, 2000. On June 2, 2000, Lucy moved for findings of fact and conclusions of law pursuant to Civ.R. 52. On June 9, 2000, Lucy filed her notice of appeal.
On June 26, 2000, the trial court determined that it could not review Lucy's motion for findings of fact and conclusions of law because Lucy filed a notice of appeal removing the trial court's jurisdiction. Thus, the trial court ordered that the motion "be held in abeyance" until we determined the case.
On August 9, 2000, Lucy filed her brief and asserted the following assignments of error:
 I. The trial court committed prejudicial error in failing to award the Plaintiff-Appellant spousal support as provided for under [R.C.] 3105.18
 II. The trial court committed prejudicial error in not responding to Plaintiff-Appellant's request for Separate Findings of Fact and Conclusions of Law.
 I.
Initially, we must determine whether the trial court's judgment entry is a final appealable order. It is well established that an appellate court does not have jurisdiction to review an order that is not final and appealable. See Section 3(B)(2), Article IV of the Ohio Constitution;General Acc. Ins. Co. v. Insurance Co. of North America (1989),44 Ohio St.3d 17; Noble v. Colwell (1989), 44 Ohio St.3d 92. We must suasponte dismiss an appeal that is not from a final appealable order.Whitaker-Merrell v. Geupel Constr. Co. (1972), 29 Ohio St.2d 184.
When a party files a timely motion for findings of fact and conclusions of law pursuant to Civ.R. 52, the App.R. 4 time period for filing a notice of appeal does not commence to run until the trial court files its findings of fact and conclusions of law. Walker v. Doup (1988),36 Ohio St.3d 229, syllabus; Caudill v. Caudill (1991), 71 Ohio St.3d 564,565. Thus, a judgment entry is not a final appealable order when a timely Civ.R. 52 motion for findings of fact and conclusions of law is pending.Caudill, 71 Ohio St.3d at 565. Civ.R. 52 provides:
 When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the findings of fact found separately from the conclusions of law.
Civ.R. 6 provides:
 (A) In computing any period of time prescribed or allowed by these rules * * * the date of the act * * * from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. * * *
* * *
 (E) Whenever a party has the right or is required to do some act * * * within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period. * * *
Lucy appealed the trial court's journal entry while her motion for findings of fact and conclusions of law was pending. Thus, if her motion was timely, there is no final appealable order. The clerk filed the trial court's judgment entry on May 18, 2000. There is no indication how the judgment entry was served upon the parties. We assume that it was mailed and add three days to the seven-day time period for filing the Civ.R. 52 motion. Civ.R. 6(E); Civ.R. 52. The tenth day falls upon May 28, 2000, which is a Sunday. Pursuant to Civ.R. 6(A), the time period runs until the next day that is not a Saturday, Sunday, or a legal holiday. Because Monday, May 29, 2000 was a legal holiday, Memorial Day, the period ran until May 30, 2000. Lucy did not file her motion for findings of fact and conclusions of law until June 2, 2000. Thus Lucy's motion was untimely.
The trial court's entry concerning Lucy's Civ.R. 52 motion indicates that the motion remains pending, because it held the motion in abeyance. Generally, a pending motion indicates that there is no final appealable order. In this case, because Lucy's motion was untimely, the May 18, 2000 entry is a final appealable order and the App.R. 4 time period for appeal continued to run. See Walker; Caudill. Thus, we find that the trial court erred in holding the motion in abeyance during the appeal. However, we find the error harmless because the motion was untimely. See Civ.R. 61.
Because the trial court erred in failing to resolve Lucy's Civ.R. 52 motion and because the motion was untimely, the May 18, 2000 entry is a final appealable order.
 II.
In her first assignment of error, Lucy argues that the trial court improperly elevated a single factor, the length of the marriage, and incorrectly assumed that Lucy's earning ability is the same after the divorce as it was when the parties married.
It is well settled that trial courts enjoy broad discretion in awarding spousal support. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67; Cherry v.Cherry (1981) 66 Ohio St.2d 348. A court's decision awarding or failing to award spousal support will not be reversed on appeal absent an abuse of that discretion. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 24;Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131. An abuse of discretion is more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable. Masters v.Masters (1994), 69 Ohio St.3d 83, 85; Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
Once a party requests spousal support, the court may award an "appropriate and reasonable" amount. R.C. 3105.18. In determining what is "appropriate and reasonable" the court's discretion must be guided by the following factors:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
R.C. 3105.18(C)(1); Cherry at 355. When making a spousal support award, a trial court must consider all statutory factors, and not base its determination upon any one of those factors taken in isolation. Kaechelev. Kaechele (1988), 35 Ohio St.3d 93, paragraph one of the syllabus.
Lucy advances two arguments: (1) the trial court improperly found that the parties' eleven year marriage was of short duration; and (2) the trial court incorrectly found that Lucy's earning ability is now the same as it was prior to the marriage.
We find that the trial court acted within its discretion in declining to award Lucy spousal support. The trial court considered the statutory factors. The trial court considered the duration of the marriage as required by R.C. 3105.18(C)(1)(e). The trial court did not act unreasonably in labeling the parties' eleven-year marriage as "relatively short."
Lucy argues that she will be unable to maintain the standard of living she enjoyed during her marriage because the trial court incorrectly assumed that she would be able to find a minimum wage job. R.C. 3105.18
does not require a support award that provides the parties with equal standards of living. Tremaine v. Tremaine (1996), 111 Ohio App.3d 703. Lucy received the marital home with no obligation to pay the remaining mortgage. William also agreed to pay Lucy the sum of sixteen thousand five hundred dollars. The trial court ordered William to pay for Lucy's COBRA health insurance for eighteen months and then to either continue to pay the COBRA premium, if available, or pay a similar amount to Lucy for an additional eighteen months. Thus, the property division ensures that Lucy will maintain a standard of living similar to that of the marriage. R.C. 3105.18 (C)(1)(a) and (g). See Varney v. Varney (Aug. 26, 1998), Jackson App. Nos. 97CA809 97CA810, unreported (given division of marital property, including retirement benefits, trial court did not abuse its discretion in declining to award spousal support).
Further, Lucy's testimony indicates that she was seeking disability assistance, which she was not eligible for while she was married to William. Her testimony indicates that the sole barrier to her eligibility was her marriage, not her health. Thus, if Lucy is unable to work, as she alleges, due to her health she may very well be eligible for assistance.
We find that the trial court considered the statutory factors and did not act arbitrarily, unreasonably, or unconscionably in deciding not to award spousal support to Lucy. Accordingly, the trial court did not abuse its discretion and we overrule Lucy's first assignment of error.
 III.
In her second assignment of error, Lucy argues that the trial court erred in failing to rule on her request for findings of fact and conclusions of law. After Lucy filed her notice of appeal, the trial court determined that it could not review Lucy's motion for findings of fact and conclusions of law because the notice of appeal had removed the case from the trial court's jurisdiction.
A trial court retains jurisdiction to make findings of fact and conclusions of law pursuant to a Civ.R. 52 motion even though an appeal has been filed. See, e.g., Langsam v. Tindera (Jan. 22, 1990),64 Ohio App.3d 228, 229. However, the time for filing a notice of appeal continues to run if the Civ.R. 52 motion is untimely, as it was in this case.
In this case we find that the trial court erred by holding Lucy's Civ.R. 52 motion in abeyance. However, we find that the error is harmless because Lucy's motion was untimely. Civ.R. 61. Accordingly, we overrule her second assignment of error.
 IV.
In sum, we overrule all of Lucy's assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J. and Harsha, J.: Concur in Judgment and Opinion.
 ______________________ Roger L. Kline, Judge