**VICTOR MORTGAGE COMPANY, Plaintiff, v. ARNOFF et, Defendants.**

Common Pleas Court, Cuyahoga County.

No. 336325. Decided February 23, 1952.

460

Abner H. Goldman, Sidney A. Thorman, J. J. Clossman, Cleveland, for defendant Buckeye Federal Savings & Loan Association.

David Perris, Cleveland, for defendants Arnoff.

(McNEILL, J., Van Wert County, sitting by assignment in Cuyahoga County.)

## OPINION

By McNEILL, J. (By Assignment)

This case comes on the objections of defendants Arnoff to the conditional order of revivor granted to defendant Buckeye Federal Savings & Loan Association. The case turns on the entry in the sale of certain property owned by defendants Arnoff.

It is plaintiff Buckeye's contention that by said entry they obtained a deficiency judgment in the sum of $41,586.20. Arnoffs claim that none was given by the entry. Buckeye had cross petitioned against the Arnoffs alleging two causes of action, one for foreclosure and the other for judgment on a note. The pertinent parts of the entry in question are:

"* * * This Court further finds that the allegations in the cross petition of the defendant The Buckeye State Building & Loan Company are true and that there is due to said answering defendant, upon the note set up in its cross petition, the sum of $146,731.37, with interest at 8% from the 1st day of March, 1932; that to secure the payment of said sum, said cross petitioning defendant has a first and best lien upon the hereinafter described premises by reason of the mortgage given to it as security for said notes; that the conditions of said mortgage have been broken by the defendant Arnoff's failure to pay said note according to its terms and that said mortgage has therefore become absolute. * * * "

"* * * It is therefore ordered, adjudged and decreed that unless the defendants Morris Arnoff and Hilda F. Arnoff, within three days from the entry of a decree herein shall pay to the plaintiff and to the cross petitioners the sums found due them, their equity of redemption be foreclosed and an order of sale issue to the Sheriff of Cuyahoga County directing him to appraise, advertise and sell as upon execution the following described premises: * * *"

"* * * Out of the proceeds of such sale the Sheriff shall pay the liens on said premises in the following order of priority: * * *"

"* * * 3. To the Buckeye State Building & Loan Co., the amount of its first mortgage lien in the sum of $146,731.37 with interest at 8% from the 1st day of March, 1932 * * *."

Buckeye contends that §11645 GC provides for the revival of findings as well as of judgments. Consequently, it is immaterial whether they have a finding or judgment for admittedly the entry in question at least provides for a finding.

A finding generally is not a judgment but is only an expression as to what the court considers his judgment should be. Tillman v. Tillman, 184 Pac. 2d 784 (Okla.). In equity the recital of facts in a decree is proper, but the rights of the parties are determined solely by the decreeal portion of the decree. Higley v. Kinsman, 216 N. W. 673 (Ia.). This is the same rule in Ohio. **Carr v. Loan Corporation, 148 Oh St 533.**

Is this what the legislature meant by the use of the word "finding" in §11645 GC? The court does not believe so. A word may have a general meaning, but at times it may be given another meaning, one in keeping with the context where used. For example, the word "judgment" as used in the Constitution and as used in the code has different meanings. **Chandler v. Southern Pacific Co., 104 Oh St 188.** Although the words "decision," "opinion," and "finding," are usually synonomous, in certain circumstances "decision" may mean "judgment." **Industrial Commission of Ohio v. Musselli, 102 Oh St 10.**

In this case, the whole statute, §11645 GC, states:

"* * * When a judgment or a finding for money in equitable proceedings remains unpaid in whole or part, **under the order of the court therein made,** such judgment may be revived or such finding may be subject to execution of judgment. * * *"

A finding followed by an order is a decree. The words judgment and decree are often used together by the legislature. **Secs. 11656** and **11664 GC** provide for a judgment lien and for execution. In both instances the words judgment and decree are used. The same words have been used throughout the amendments of these sections.

Revivor can give an entry no greater effect than it formerly had. **Miller v. Taylor, 29 Oh St 247.** No new judgment is created merely by the revival. **Smith v. Hogg, 52 Oh St 527.** A mere finding has no effect as it cannot be levied upon or give a judgment lien. **Secs. 11656; 11664 GC.** The most a finding might possibly be considered to be is a cause of action. **Doyle v. West, 60 Oh St 438; Brigel v. Creed, 65 Oh St 40.**

■ Consequently, the language used in §11645 GC can only possibly mean a judgment or a decree may be revived.

The next question is whether or not Buckeye had a judgment or decree. Buckeye has cited the case of **Weenick v. Slutz, 98 Oh St 342.** In that case an entry similar to this was entered but said entry also awarded execution. Buckeye also cites the case of Doyle v. West, supra, and Carr v. Loan Corp., supra, and others. In these cases no personal judgment was sought. This case is not controlled by either line of decisions as a personal judgment was sought in this case but no execution was awarded by the entry.

To determine what the court may have meant, we must look at all the facts and circumstances before the court at the time of rendition. A liberal interpretation should be given to a judgment but the court cannot make a new one. 49 C. J. S. P. 862, §436. If there is no judgment, what is the effect? Early Ohio cases, Doyle v. West, supra, and Brigel v. Creed, supra, hold that if a personal judgment is not sought a finding of the amount due in the foreclosure proceedings will be res adjudicata and one is limited to bringing a new action on this finding. There is a doubt, however, that this is the law today. In the case of Carr v. Loan Company, supra, the court permitted a judgment rendered on a note, after a foreclosure had been obtained, to stand, the note being sued on in a separate suit. It was held that an action for personal judgment on the note and an action for foreclosure are separate and distinct, particularly where no levy of execution was awarded. At most there is a right to bring a new action on the finding within fifteen years. Doyle v. West, supra.

However, when both causes of action are joined and the entry grants foreclosure but is silent as to the cause of action seeking judgment on the note, the right to sue on the note is lost as the action for personal judgment is considered dis-
■ missed. The rule in such cases is that when two causes of action are brought and a journal entry disposes of one but does not dispose of or mention the other, the silence of the journal entry as to the second is considered as dismissing it, and such dismissal is res adjudicata. Edenborn v. Blacksher. 86 So. 817 (La.); Pitt v. Gilbert, 190 S. W. 1157 (Tex.); Hemperly v. Sliman & Co., 174 So. 673 (La.); Keystone Copper Mining Co. v. Miller, 164 Pac. 2d 603 (Ariz.); Fidelity & Deposit Co. of Md. v. Citizens National Bank, 120 S. W. 2d, 113 (Tex.); Pfeiffer v. Missouri State Life Ins., 8 S. W. 2d 505 (Ark.); Lacaze v. Hardee, 7 So. 2d 719 (La.); Garrett v. McAdams Lumber Co., 163 S. W. 320 (Tex.); Hunter v. Delta Realty Co.,

169 S. W. 2d 936 (Mo.); Bozeman Mortuary Assoc. v. Fairchild, 68 S. W. 2d 756 (Ky.). This also seems to be the rule in Ohio as to other matters. **Roberts v. Lee, 72 Oh Ap 235; Strangwood v. Bladstaat Co., 82 Oh St 121.**

Consequently, Buckeye, if it does not have a judgment, it does not have a finding that can be enforced and is precluded from ever bringing an action on the note. Is this what the court intended?

The court used certain words in reference to the claim of Buckeye in its entry. However, there were other claims. The entry in regard to the claim of the plaintiff Victor Mortgage Company, who was asking for a judgment on its note and for the foreclosure of its lien, reads as follows:

"The court therefore finds there is due the plaintiffs from the defendants on said note the sum of $30,344.00 with interest at 6 per cent from the 1st day of March, 1932, **for which amount judgment is herewith rendered in favor of the plaintiff and against said defendants and each of them.**"

Thus, in the same entry the court did render a personal judgment and left no doubt that it so did. If the entry did not render another judgment, the claim of Buckeye would have a much greater weight, but where in the same entry the court uses language that definitely renders a personal judgment in favor of a plaintiff, but fails to use this language in favor of a cross petitioner, but only uses language that is generally considered as giving a finding, it cannot be successfully argued that the court intended in the later case to also render judgment.

In factual situations similar, the courts have reached the same conclusion. In the case of **Conn v. Rhoades, 26 Oh St 44,** the decision of the court is as follows:

"1. Where the plaintiff, by his petition, asks a personal judgment against the defendant for the amount of a mortgage debt, and also for the sale of the mortgaged premises, and on default for answer the court renders a decree or order for the sale of the mortgaged premises, but renders no such personal judgment, the fact that * * *"

"2. Where the record in such case showed that the court, on hearing of the cause, considered that the plaintiff ought to recover a specified amount, and ordered the sale of mortgaged premises for its satisfaction—held that the record shows no personal judgment against the defendant, but a mere finding of the amount due, with an order of sale."

The same conclusion was reached in the case of Mills v. Murry, 7 O. N. P. 614. Actions for a personal judgment and for an equitable decree were joined. The language in the

464

entry is very similar to this, the court holding that there was only a finding and no judgment. Affirmed, Mills v. Murray, 3 O. C. C. n. s. 671.

Buckeye does not have a finding under order of the court as contemplated by §11645 GC, and does not have a judgment for the payment of money. Consequently, there is nothing capable of being revived and the conditional order of revivor should be vacated.