**CAUDILL, Appellee,**

v.

**CAUDILL, Appellant.**

[Cite as *Caudill v. Caudill* (1991), 71 Ohio App.3d 564.]

Court of Appeals of Ohio,
Scioto County.

No. 1860.

Decided March 28, 1991.

*John W. Thatcher*, for appellant.
*Russell D. Kegley*, for appellee.

---

GREY, Judge.

This is an appeal from a judgment of the Scioto County Court of Common Pleas granting Linda G. Caudill a divorce and dividing the parties' marital property. We dismiss for lack of jurisdiction.

The parties were married in Norfolk, Virginia, on July 23, 1962. Two children, born as issue of the marriage, are now emancipated. On January 25, 1988, Linda Caudill filed a complaint for divorce. Hugo H. Caudill filed an answer and counterclaim.

The matter came on for hearing before a referee on April 22, 1988. Hugo filed objections to the referee's report, which the trial court found to be well taken.

The matter came on for hearing before the trial court on August 3, 1989. After the court filed its decision on October 11, 1989, Hugo filed a request for findings of fact and conclusions of law.

On November 16, 1989, the trial court filed a "Judgment Entry" which merely reiterated the October 11, 1989 decision without making specific findings of fact and conclusions of law. Hugo appeals the November 16, 1989 entry.

Civ.R. 52 provides in pertinent part:

"When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, *the court shall state in writing the conclusions of fact found separately from the conclusions of law.*" (Emphasis added.)

When a timely motion for findings of fact and conclusions of law has been filed in accordance with Civ.R. 52, the time period for filing a notice of appeal does not commence to run until the trial court files its findings of fact and conclusions of law. *Walker v. Doup* (1988), 36 Ohio St.3d 229, 522 N.E.2d 1072.

Below, Hugo filed a timely motion for findings of fact and conclusions of law. However, the trial court's November 16, 1989 entry did not set forth specific findings of fact and conclusions and, thus, did not comply with Civ.R. 52. Absent the requested findings of fact and conclusions of law, Hugo's appeal time has not begun to run pursuant to *Walker, supra*. The order from which he appeals is not a final appealable order pursuant to R.C. 2505.02. This court, therefore, lacks the requisite jurisdiction to consider this appeal on its merits. The cause is dismissed for lack of jurisdiction.

*Appeal dismissed.*

STEPHENSON, P.J., and HARSHA, J., concur.