DECISION AND JUDGMENT ENTRY
{¶ 1} Defendants-Appellants appeal the Pike County Court of Common Pleas judgment in favor of Appellee's property boundary claims. Appellants argue that the trial court erred when it denied their timely filed motions for separately stated findings of fact and conclusions of law. Because we find that the trial court's judgment entry did not contain sufficient findings of fact and conclusions of law, we agree. Appellants also argue that the trial court erred when it attached evidence outside the record to its judgment entry. Because we find that the evidence attached to the entry was not introduced at trial, and was actually prepared after trial, we agree. Accordingly, we reverse the judgment and remand this cause for further proceedings consistent with this opinion.
 I. {¶ 2} Appellee filed a complaint alleging that she owned two tracts of land situated in Union Township, Pike County, Ohio. She alleged that Appellants Robert and Phyllis Smouse (hereinafter "Appellants Smouse") received a remainder interest in a 79-acre tract, which included Appellee's two tracts of land. Appellants Smouse then divided their acre tract, retained a portion belonging to Appellee, and transferred a portion, which Appellee also owned, to Appellants Myron and Roseanna McRoberts (hereinafter "Appellants McRoberts").
 {¶ 3} The trial court held a hearing on this matter on April 15-16, 2003, and on August 15, 2003. At the hearing, Appellee submitted surveys arranged by Henry, Crabtree Smith, which were generally dated in April 2003.
 {¶ 4} On January 3, 2004, the trial court filed its judgment entry finding in Appellee's favor. Appellee's attorney submitted that entry and it bears his signature, as well as the trial judge's signature. Attached to the entry are four surveys prepared by Humbert M. Crabtree. Mr. Crabtree signed and dated these surveys on March 10, 2004, almost seven months after the last hearing date.
 {¶ 5} In its judgment entry, the trial court entered a general judgment and issued seven specific orders, which declared title belonged to Appellee and set forth the boundary line. The entry is devoid of any findings of fact or conclusions of law, except that it generally refers to the attached surveys and recorded deeds.
 {¶ 6} On January 7, 2005, Appellants McRoberts filed a motion requesting that the trial court issue separate findings of fact and conclusions of law pursuant to Civ.R. 52. The memorandum accompanying the motion expressly drew the court's attention to its reliance on surveys not introduced at trial, and apparently prepared well after the hearing. Appellants Smouse filed a similar motion on January 10, 2005. The trial court denied both motions on the basis that its judgment entry contained sufficient findings of fact and conclusions of law.
 {¶ 7} Appellants Smouse and McRoberts appeal and assign the following assignments of error:
 {¶ 8} "[I.] THE TRIAL COURT ERRED WHEN IT FAILED TO STATE IN WRITING THE CONCLUSIONS OF FACT FOUND SEPARATELY FROM THE CONCLUSIONS OF LAW WHEN TIMELY REQUESTED TO DO SO IN WRITING BY THE DEFENDANTS."
 {¶ 9} "[II.] THE TRIAL COURT ERRED WHEN IT ADOPTED INTO ITS JUDGMENT ENTRY EVIDENCE AND DOCUMENTS THAT WERE PREPARED AND FILED BY COUNSEL FOR PLAINTIFF SUBSEQUENT TO THE LAST HEARING IN THIS CASE. [III.] THE JUDGMENT ENTRY OF JANUARY 3, 2005 IS UNSUPPORTED BY OR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 II. {¶ 10} Before we address Appellants' assignments of error, we must deal with a threshold issue. Appellee argues that Appellants failed to comply with App.R. 16(A)(6) by failing to provide a statement of facts in their appellate brief. Appellee urges this court to dismiss the appeal for this error.
 {¶ 11} It is within our judicial discretion to dismiss an appeal for a party's failure to comply with the Appellate Rules. DeHart v. Aetna LifeIns. Co. (1982), 69 Ohio St.2d 189. Judicial discretion is defined as "`* * * the option which a judge may exercise between the doing and not doing of a thing which cannot be demanded as an absolute legal right, guided by the spirit, principles, and analogies of the law, and founded upon the reason and conscience of the judge, to a just result in the light of the particular circumstances of the case'." Id., quoting Krupp v. Poor
(1970), 24 Ohio St.2d 123, paragraph two of the syllabus. We must carefully and cautiously exercise this discretion before dismissing a case on purely procedural grounds. Id.
 {¶ 12} Here, Appellants failed to include a statement of facts as required by App.R. 16(A)(6). However, "it is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits."DeHart, supra, at 192, citing Cobb v. Cobb (1980), 62 Ohio St.2d 124. Because we can sufficiently discern the facts supporting Appellants' assignments of error from the record, we reject Appellee's request for dismissal and proceed to the merits of this appeal.
 III. {¶ 13} In Appellants' first assignment of error, they argue that the trial court erred by overruling their motions requesting separate findings of fact and conclusions of law. Appellee argues that Civ.R. 52 only applies to cases in which the trial court immediately renders a verbal judgment at the conclusion of a hearing.
 {¶ 14} Civ.R. 52 provides, in pertinent part: "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."
 {¶ 15} The purpose of separately stating findings of fact and conclusions of law is to create a record that enables a reviewing court to give meaningful review. Mahlerwein v. Mahlerwein, 160 Ohio App.3d 564,2005-Ohio-1835, at ¶ 22. (Citations omitted.) Civ.R. 52 expressly provides that an opinion or memorandum of decision that contains separate findings of fact and conclusions of law may satisfy its requirements.Mahlerwein, supra, at ¶ 22; Cunningham, supra, at ¶ 25. A trial court's decision reciting various facts and a legal conclusion satisfies the requirements of Civ.R. 52 when, taken together with other parts of the trial court's record, the decision forms an adequate basis upon which to decide the legal issue presented upon appeal. Stone v. Davis (1981),66 Ohio St.2d 74, 85; In re Schoeppner (1976), 46 Ohio St.2d 21, 23. A trial court's failure to comply with Civ.R. 52 is reversible error.Mahlerwein, supra, at ¶ 22, citing In re Adoption of Gibson,23 Ohio St.3d 170, 172.
 {¶ 16} Here, the trial court's judgment entry acted as a general judgment in favor of the prevailing party. The entry did not include findings of fact separate from its conclusions of law. Appellants' timely filed their Civ.R. 52 motions, and were entitled to have the trial court comply with their request. The trial court's ruling that it had already sufficiently provided separate findings of fact and conclusions of law is simply erroneous. Its judgment is general in nature. The only evidence the trial court cited for its decision was the surveys it attached to its judgment. However, these surveys were not formally part of the record and the trial court did not explain how they became included in the record.
 {¶ 17} We disagree with Appellee's argument that Civ.R. 52 is only meant for cases in which a trial court verbally enters judgment immediately following closing arguments at the hearing. The plain language of the Rule fails to support this argument. Also, Appellee fails to cite any precedent in support of this argument, and our review of Ohio case law has found none.
 {¶ 18} Appellants request that this court issue relief in the form of an order for a new trial pursuant to Civ.R. 63(B). The basis for this request is that the trial judge who presided over this case is no longer on the Pike County Court of Common Pleas. The current judge in that court is Appellants McRoberts' trial counsel. Appellants argue that because the trial court judge has a conflict of interest, the only proper form of relief is an order for a new trial. We disagree.
 {¶ 19} Civ.R. 63(B) provides: "If for any reason the judge before whom an action has been tried is unable to perform the duties to be performed by the court after a verdict is returned or findings of fact and conclusions of law are filed, another judge designated by the administrative judge, or in the case of a single-judge division by the Chief Justice of the Supreme Court, may perform those duties; but if such other judge is satisfied that he cannot perform those duties, he may in his discretion grant a new trial."
 {¶ 20} The proper relief in this case is a reversal and a remand for further proceedings consistent with this opinion. If the judge presiding over the Pike County Court of Common Pleas has a conflict of interest, which we believe he does, he can recuse himself and a visiting judge can be appointed to hear the case. If the visiting judge cannot perform the duty of providing separate findings of fact and conclusions of law, he or she can then grant a new trial pursuant to Civ.R. 63(B). Accordingly, we sustain Appellants' first assignment of error, but reject their claim for a new trial as relief.
 II. {¶ 21} In Appellants' second assignment of error, they argue that the trial court erred when it adopted into its judgment entry exhibits that Appellee failed to introduce at trial, and which were prepared after trial. Specifically, Appellants contend that they were not permitted the opportunity to review, cross-examine, and challenge these exhibits. Appellee argues that: (1) Appellants failed to cite any legal authority for this assignment of error; (2) Appellants cannot cross-examine a judgment entry; and (3) the exhibits support her claim of adverse possession.
 {¶ 22} We first address Appellee's argument that Appellants failed to assign any legal authority in support of this assigned error. App.R. 12(A)(2) provides that a reviewing court may disregard an assignment of error if the party asserting it fails to cite any legal authority in support. However, application of this rule is discretionary. As we noted above, it is a fundamental tenet of Ohio law that reviewing courts dispose of cases on their merits, rather than on procedural technicalities. Here, the error claimed is so fundamentally egregious to our Rules of Evidence, that we reject Appellee's request and proceed to consider the merits of the assigned error.
 {¶ 23} Our review of the record shows that the exhibits attached to the judgment entry were prepared in March 2004, almost seven months after the hearing. While Appellee did introduce surveys into evidence at trial, those surveys do not appear to be identical to the ones attached to the judgment entry. Interestingly, Appellee's attorney prepared and submitted the judgment entry at issue.
 {¶ 24} Because this evidence was not presented at the hearing, it is not properly part of the record. Appellants had a right to examine and question this evidence at trial. Instead, this evidence was surreptitiously placed before the trial court in a judgment entry proposal. We find that the trial court erred by attaching evidence outside the record to its judgment entry.
 {¶ 25} We note that it is possible that the trial court attached these exhibits to serve as a legal description accompanying the trial court's order. In Martin v. Schaad, Washington App. No. 02CA65, 2004-Ohio-124, we found that surveys not admitted into evidence, but prepared after the trial court issued its order defining a property boundary, merely serve as legal descriptions of that order for recording purposes. Id. at ¶ 2.
 {¶ 26} The case at bar is distinguishable from Martin. Here, the trial court's order defining the property boundary line and adoption of the surveys were contemporaneous. Also, the surveys were actually prepared ten months prior to the trial court's judgment. Thus, it is difficult to discern whether the trial court actually relied on these surveys as evidence in issuing its order, or merely used the surveys as a legal description of a judgment rendered on the evidence actually admitted at trial. This serves as a reminder that separate findings of fact and conclusions of law can be very necessary for meaningful and fair appellate review. Given the background of this case, and the trial court's failure to issue separate findings of fact and conclusions of law, we find that the attachment of these surveys constitutes consideration of evidence outside of the record.
 {¶ 27} Appellee contends that Appellants' argument is fallible because a judgment entry cannot be cross-examined. However, Appellants are not arguing that they were denied an opportunity to cross-examine the actual judgment entry. Instead, they assert that they had the right to reviewand cross-examine the evidence attached to the judgment entry.
 {¶ 28} Appellee also makes a tenuous argument that because the exhibits support her case the trial court did not err when it attached them to its judgment entry. This argument ignores our Rules of Evidence. We reject it without further review.
 {¶ 29} Accordingly, we sustain Appellants' second assignment of error.
 III. {¶ 30} In their third assignment of error, Appellants' argue that the judgment is against the manifest weight of the evidence. Based on our previous dispositions, we find this assignment moot and decline to address it.
 {¶ 31} In conclusion, we find that the trial court erred when it failed to grant Appellants' Civ.R. 52 motions. We also find that the trial court erred when it attached evidence outside of the record to its judgment entry. Accordingly, we reverse the trial court's judgment and remand this cause for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that the Appellants recover of Appellee costs herein be taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Abele, P.J.: Not Participating.
Kline, J. McFarland, J.: Concur in Judgment and Opinion.