SALISBURY, Appellee,

v.

SMOUSE et al., Appellants.

[Cite as *Salisbury v. Smouse*, 179 Ohio App.3d 426, 2008-Ohio-6196.]

Court of Appeals of Ohio,
Fourth District, Pike County.

No. 08CA777.

Decided Nov. 21, 2008.

Robert N. Rosenberger, for appellee.

Charles H. Wilson Jr., for appellants.

McFARLAND, Judge.

{¶ 1} Defendants-appellants, Ronald and Phyllis Smouse and Myron and Roseanna McRoberts, appeal the Pike County Court of Common Pleas judgment

in favor of appellee's property-boundary claims. Appellants contend that the trial court erred (1) when it found that appellee was entitled to have title quieted as shown on appellee's exhibits 0 and 1 against the real estate of appellants Ronald and Phyllis Smouse, (2) when it found that appellee was entitled to have title quieted as shown on appellee's exhibits 0 and 1 against the real estate of appellants Myron and Roseanna McRoberts, (3) when it failed to rule upon the counterclaim of appellants Ronald and Phyllis Smouse, (4) when it failed to rule upon the counterclaim of Myron and Roseanna McRoberts, and (5) when it designated its decision and journal entry of February 21, 2008, as a final, appealable order. Because we find that the trial court's issuance of findings of fact and conclusions of law postremand did not vacate its prior decision and judgment entry and reenter judgment in favor of one party or the other, we conclude that the order appealed from is not a final, appealable order, and therefore, we lack jurisdiction to consider it. Accordingly, we dismiss appellants' appeal.

## FACTS

{¶ 2} As set forth in our previous consideration of this matter, appellee filed a complaint alleging that she owned two tracts of land situated in Union Township, Pike County, Ohio. *Salisbury v. Smouse,* Pike App. No. 05CA737, 2005-Ohio-5733, 2005 WL 2812754. She alleged that appellants Robert and Phyllis Smouse ("appellants Smouse") received a remainder interest in a 79–acre tract, which included appellee's two tracts of land. Appellants Smouse then divided their acre tract, retained a portion belonging to appellee, and transferred a portion, which appellee also owned, to appellants Myron and Roseanna McRoberts ("appellants McRoberts"). The trial court held a hearing on this matter on April 15 and 16, 2003, and on August 15, 2003. At the hearing, appellee submitted surveys arranged by Henry, Crabtree & Smith, which were generally dated in April 2003.

{¶ 3} On January 3, 2004, the trial court filed its judgment entry finding in appellee's favor. Appellee's attorney submitted that entry, which bore his signature, as well as the trial judge's signature. Attached to the entry were four surveys prepared by Hubert M. Crabtree. Crabtree signed and dated these surveys on March 10, 2004, almost seven months after the last hearing date. In its judgment entry, the trial court entered a general judgment and issued seven specific orders, which declared that title belonged to appellee and set forth the boundary line. The entry was devoid of any findings of fact or conclusions of law, except that it generally referred to the attached surveys and recorded deeds.

{¶ 4} On January 7, 2005, appellants McRoberts filed a motion requesting that the trial court issue separate findings of fact and conclusions of law pursuant to Civ.R. 52. The memorandum accompanying the motion expressly drew the

court's attention to its reliance on surveys not introduced at trial and apparently prepared well after the hearing. Appellants Smouse filed a similar motion on January 10, 2005. The trial court denied both motions on the basis that its judgment entry contained sufficient findings of fact and conclusions of law. Appellants timely appealed from that judgment entry and denial of their motions for findings of fact and conclusions of law.

{¶ 5} In considering appellants' first appeal of this matter, this court reversed and remanded the decision of the trial court, finding that the trial court improperly relied on evidence outside the record and also finding that the trial court improperly denied appellants' timely filed motion for findings of fact and conclusions of law, contrary to the provisions of Civ.R. 52. *Salisbury v. Smouse*, Pike App. No. 05CA737, 2005-Ohio-5733, 2005 WL 2812754. Accordingly, the matter was remanded for further proceedings, specifically, in order to "perform the duty of providing separate findings of facts and conclusions of law." *Salisbury* at ¶ 20.

{¶ 6} On remand, because the original trial court judge who considered the matter was no longer in office and because the sitting trial court judge had a conflict of interest, a visiting judge was assigned to handle the duties of trial court for purposes of remand. The trial court ordered the parties to provide proposed findings of fact and conclusions of law pursuant to the decision of this court, which were submitted by all parties in June 2006. On February 21, 2008, the trial court issued a decision and journal entry, which provided findings of facts and conclusions of law, but which failed to vacate the prior judgment of the court, address the pending counterclaims of appellants, or re-enter judgment in favor of appellee.

{¶ 7} A notice of appeal from the decision and journal entry was filed by appellants on March 21, 2008, which included a proposed assignment of error questioning whether the decision of the trial court was a final, appealable order. On March 25, 2008, this court caused to be filed a magistrate's order indicating that the decision appealed from may not be a final, appealable order because it did not appear that the trial court had entered judgment for either party and ordering appellants to file a memorandum directed to the jurisdictional issues within ten days. Appellants timely filed their memorandum, and on May 22, 2008, this court caused to be filed another magistrate's order concluding that the decision and journal entry at issue constituted a final, appealable order and ordering that the matter proceed according to rule.

{¶ 8} In their current appeal, appellants Smouse and McRoberts assign the following assignments of error for our review:

## ASSIGNMENTS OF ERROR

{¶ 9} "I. The trial court erred when it found that plaintiff was entitled to have title quieted as shown on plaintiff's exhibits 0 and 1 against the real estate of defendants Ronald Smouse and Phyllis Smouse.

{¶ 10} "II. The court erred when it found that plaintiff was entitled to have title quieted as shown on plaintiff's exhibits 0 and 1 against the real estate of defendants Myron McRoberts and Roseanna McRoberts.

{¶ 11} "III. The court erred when it failed to rule upon the counterclaim of defendants Ronald Smouse and Phyllis Smouse.

{¶ 12} "IV. The trial court erred when it failed to rule upon the counterclaim of Myron McRoberts and Roseanna McRoberts.

{¶ 13} "V.  The court erred when it designated its decision journal entry of February 21, 2008 as a final appealable order."

## JURISDICTION

{¶ 14} As set forth above, on March 25, 2008, this court questioned whether the entry appealed from was a final, appealable order, in that it did not appear that the trial court entered judgment for either party.  After considering a memorandum on jurisdiction filed by appellants, this court concluded that there was a final, appealable order and that the matter should proceed.  However, contrary to our prior determination with respect to this issue, we now conclude that the trial court's February 21, 2008 issuance of findings of fact and conclusions of law did not constitute a final, appealable order.  Accordingly, we address appellants' third, fourth, and fifth assignments of error, which deal with whether the trial court's journal entry was final and appealable, as they are dispositive of appellants' appeal.

{¶ 15} In appellants' fifth assignment of error, appellants contend that the trial court erred when it designated its decision and journal entry of February 21, 2008, as a final, appealable order.  Underscoring appellants' fifth assignment of error are appellants' third and fourth assignments of error, which contend that the trial court erred in not disposing of their counterclaims in its February 21, 2008 decision and journal entry.  Contrary to our earlier determination, we agree.

{¶ 16} When we considered this matter the first time in *Salisbury v. Smouse,* Pike App. No. 05CA737, 2005-Ohio-5733, 2005 WL 2812754, we were presented with a judgment entry that did not include separate findings of fact and conclusions of law, but that otherwise complied with R.C. 2502.02 and Civ.R. 54(B) and for all other purposes would have been a final, appealable order but for

the fact that a timely motion for findings of facts and conclusions of law pursuant to Civ.R. 52 was filed and improperly denied. Because a trial court's failure to comply with Civ.R. 52 is reversible error, we remanded the matter for further proceedings, specifically for the purpose of "providing separate findings of fact and conclusions of law." Id.; *Mahlerwein v. Mahlerwein*, 160 Ohio App.3d 564, 2005-Ohio-1835, 828 N.E.2d 153 at ¶ 22, citing *In re Adoption of Gibson* (1986), 23 Ohio St.3d 170, 172, 23 OBR 336, 492 N.E.2d 146.

{¶ 17} Pursuant to our order of remand, the trial court, on February 21, 2008, issued a decision and journal entry that contained separate findings of fact and conclusions of law, but that did not vacate the prior judgment of the court, address the pending counterclaims of appellants, or re-enter judgment in favor of appellee. We have traditionally observed that "[w]hen a timely motion for findings of fact and conclusions of law has been filed in accordance with Civ.R. 52, the time period for filing a notice of appeal does not commence to run until the trial court files its findings of fact and conclusions of law." *Caudill v. Caudill* (1991), 71 Ohio App.3d 564, 565, 594 N.E.2d 1096, citing *Walker v. Doup* (1988), 36 Ohio St.3d 229, 522 N.E.2d 1072. In *Caudill*, we reasoned that because the trial court's entry did not include properly requested findings of fact and conclusions of law at the time it was filed, it was not a final, appealable order under R.C. 2505.02 and therefore we did not have jurisdiction to consider the appeal. *Caudill*.

{¶ 18} While the statements contained in *Caudill* may be construed to mean that an order automatically becomes final and appealable once findings of fact and conclusions of law are provided, that is not necessarily true once the matter has been appealed. Although this may be the case in the underlying action, prior to the filing of an appeal, the Eighth District Court of Appeals has reasoned that "[w]hen a trial court's judgment has been reversed and remanded solely for findings of fact and conclusions of law, it is incumbent upon the trial judge to vacate his previous judgment and reenter the same as of the date of the filing of the findings of fact and conclusions of law. This procedure is followed to reserve to the parties their respective rights of appeal after such findings have been made." (Citations omitted.) *Kennedy v. Cleveland* (1984), 16 Ohio App.3d 399, 401, 16 OBR 469, 476 N.E.2d 683. The *Kennedy* court further reasoned that "[f]indings of fact and conclusions of law do not constitute a final judgment. Cf. *Victor Mortgage Co. v. Arnoff* (C.P.1952), 67 Ohio Law Abs. 459, 120 N.E.2d 615; see Civ.R. 52 and 54. Thus, if the trial court does not re-enter its judgment when it files these findings and conclusions, there is no final judgment. See Civ.R. 54." *Kennedy* at 401, 16 OBR 469, 476 N.E.2d 683.

{¶ 19} This court recently affirmed the reasoning set forth in *Kennedy* on this particular issue in our holding in *Luman v. Igo*, Highland App. No. 07CA11, 2008-

Ohio-3911, 2008 WL 2955437. In *Luman*, we remanded the matter for findings of fact and conclusions of law pursuant to Civ.R. 52. In ordering the remand, we noted that "[w]hen a trial court's judgment has been reversed and remanded solely for findings of fact and conclusions of law, it is incumbent upon the trial judge to vacate his previous judgment and re-enter the same as of the date of the filing of the findings of fact and conclusions of law." Id., at ¶ 15, citing *Kennedy* at paragraph one of the syllabus. As such, in *Luman*, we remanded the matter "to the trial court for explanation of its award, in the form of findings of fact and conclusions of law in accordance with Civ.R. 52, and a re-entry of judgment on a date concurrent with its issuance of findings of fact and conclusions of law." *Luman* at ¶ 16.

{¶ 20} In light of the foregoing, we find merit to appellants' third, fourth, and fifth assignments of error, to the extent that they claim that the trial court's February 21, 2008 decision and journal entry did not constitute a final, appealable order. Because the trial court's decision and journal entry merely contained findings of fact and conclusions of law and failed to re-enter judgment, we conclude that there is no final, appealable order and that we are without jurisdiction to consider appellant's remaining assignments of error. Accordingly, we must dismiss appellants' appeal.

Appeal dismissed.

KLINE, J., concurs.

HARSHA, J., concurs separately.

HARSHA, Judge, concurring.

{¶ 21} Reluctantly, I agree that we have no jurisdiction to decide this matter, which has remained unresolved for far too long. As the court in *Kennedy*, 16 Ohio App.3d 399, 16 OBR 469, 476 N.E.2d 683, indicated, the purpose of requiring the court to reenter its original judgment is "to reserve to the parties their respective rights of appeal after such findings have been made." Id. at 401, 16 OBR 469, 476 N.E.2d 683. Moreover, the Supreme Court of Ohio recently held in the criminal context that allowing multiple documents to constitute a final order is "an erroneous interpretation of the rule. Only one document can constitute a final appealable order." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, at ¶ 17. I see no reason why a different rule should apply in the civil context. Thus, I concur.