[Cite as *Vanderhoff v. Vanderhoff*, 2009-Ohio-5907.]


# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY


ANGELA S. VANDERHOFF,                    CASE NO. 13-09-21

   PLAINTIFF-APPELLEE,

 v.

FELIX E. VANDERHOFF,                        O P I N I O N

   DEFENDANT-APPELLANT.


Appeal from Seneca County Common Pleas Court
Domestic Relations Division
Trial Court No. 08-DR-0006

Judgment Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Decision:  November 9, 2009


APPEARANCES:

   *Charles R. Hall, Jr.* for Appellant

   *Nancy Nava-Wade* for Appellee

**WILLAMOWSKI, J.,**

{¶1} Defendant-Appellant, Felix Vanderhoff ("Felix"), appeals the judgment of the Seneca County Court of Common Pleas, Domestic Relations Division, granting a divorce from Plaintiff-Appellee, Angela S. Vanderhoff ("Angela"). Felix contends that the trial court made errors in the property division when the court issued a different, revised judgment more than seven months after its original decision. For the reasons stated below, the trial court's second judgment entry is affirmed in part, reversed in part, and remanded.

{¶2} Felix and Angela were married on September 4, 2004. They separated on October 5, 2007, and a contested divorce hearing was held on July 25, 2008. On September 22, 2008, the trial court issued a detailed Journal Entry granting the divorce, naming Angela the residential parent of the parties' two minor children, granting Felix visitation, ordering Felix to pay child support, and awarding Angela limited spousal support. The trial court found that the parties' residence was Felix's premarital separate property and awarded it to Felix but permitted Angela and the children to reside in the home for six months.

{¶3} In this September 22, 2008 judgment, the trial court also divided the couples' debts and a seven-page listing of personal property. Pertinent to this appeal, the trial court awarded a motorcycle and camper to Felix. It also ordered that the parties equally split $12,642, which had already been withdrawn by Felix

from his 401(k) plan, with Angela being awarded $6,321. Any other items that were not awarded and could not be agreed upon were to be sold with the proceeds split fifty/fifty.

{¶4} Thereafter, Angela filed a timely request for findings of fact and conclusions of law pursuant to Civ.R.52 and she subsequently filed a "Proposed Findings of Fact on Division of Personal Property." In her proposed findings of fact, Angela asked the trial court to award her the Dodge Durango, one half the value of the motorcycle, and one half the value of the camper. She further argued that the division of personal property was not equitable because she claimed that many of the items she was awarded were already her separate property, and therefore, she requested that she receive several additional items, including the refrigerator, stove, washer, and dryer. She also requested that Felix be ordered to pay her the $6,321 from the 401(k) withdrawal in a lump sum payment within a two month time period.

{¶5} Felix filed a Motion to Dismiss Angela's Request for Findings of Fact and Conclusions of Law, claiming that there was no basis for this filing, that the judgment entry was thorough, and that the filing was done to further burden him and to delay the implementation of the judgment entry. Felix did not file any additional findings of fact or conclusions of law. On January 15, 2009, a hearing was held and Felix's Motion to Dismiss was overruled.

{¶6} On May 7, 2009, the trial court issued another judgment, modifying several of the property awards it had made in the original judgment. The trial court stated that because the "Proposed Findings of Fact" filed by Angela were only applicable to personal property, the trial court's previous order relative to residential parent status, child support, social security, tax dependency, real estate, medical insurance, debts, attorney fees, and court costs would not be delineated further. The trial court then went on to address the issues raised by Angela and, in this new judgment entry, ordered that the motorcycle and camper were to be sold and the net proceeds split equally between the parties. The trial court further ordered that the $6,321 from the 401(k) should be paid to Angela by June 15, 2009. As to the other items of personal property, the trial court stated that it had taken into account the evidence concerning premarital/separate property and did not make any further modifications.

{¶7} It is from this judgment that Felix appeals, presenting the following two assignments of error for our review.

**First Assignment of Error**

**The Trial Court erred by ordering the motorcycle sold.**

**Second Assignment of Error**

**The Trial Court erred by ordering the payment of $6,321.00 to [Angela].**

{¶8} Before we address Felix's assignments of error, this court must first determine whether the trial court had the authority to modify its original September 22, 2008 Journal Entry, which disposed of all the matters between the parties, was signed by the judge, filed, and labeled a "Final Appealable Order." An appellate court may sua sponte consider whether the trial court possessed the power to entertain an action, even if the litigants themselves fail to raise the issue.[1] See, e.g., *Burns v. Daily* (1996), 114 Ohio App.3d 693, 700, 683 N.E.2d 1164. We consider whether the trial court had jurisdiction to modify its original judgment and property division in response to Angela filing a request for findings of fact and conclusions of law.

{¶9} Civil Rule 52 provides:

**When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing or orally in open court requests otherwise \*\*\*, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.**

{¶10} The purpose of the trial court's issuance of findings of fact and conclusions of law is "to aid the appellate court in reviewing the record and determining the validity of the basis of the trial court's judgment." *Werden v. Crawford* (1982), 70 Ohio St.2d 122, 124, 435 N.E.2d 424, 426. Findings and conclusions "must articulate an adequate basis upon which a party can mount a

---

[1] We note that Felix did file a Motion to Dismiss the request for findings of fact and conclusions of law, which was overturned by the trial court. However, this Court was not provided with a transcript of the January 15, 2009 hearing at which this matter was discussed.

challenge to, and the appellate court can make a determination as to the propriety of, resolved disputed issues of fact and the trial court's application of the law." *Kroeger v. Ryder* (1993), 86 Ohio App.3d 438, 442, 621 N.E.2d 534. A trial court may substantially comply with Civ.R.52 when its judgment adequately explains the basis for the decision. *Truex v. Truex*, 179 Ohio App.3d 188, 901 N.E.2d 259, 2008-Ohio-5690, ¶27. "If the [trial] court's ruling or opinion, together with other parts of the trial court's record, provides an adequate basis upon which an appellate court can decide the legal issues presented, there is * * * substantial compliance" with the procedural rule requiring the court to make separate findings of fact and conclusions of law. *Abney v. W. Res. Mut. Cas. Co.* (1991), 76 Ohio App.3d 424, 431, 602 N.E.2d 348. When a motion for findings of fact and conclusions of law has been filed in accordance with Civ.R. 52, the time period for filing a notice of appeal is tolled under App.R.4(B)(2) until the trial court files its findings of fact and conclusions of law. *Walker v. Doup* (1988), 36 Ohio St.3d 229, 522 N.E.2d 1072, syllabus; *Salisbury v. Smouse*, 179 Ohio App.3d 426, 902 N.E. 2d 83, 2008-Ohio-6196, ¶17.

{¶11} The Ohio Supreme Court has stated that "a timely motion for separate findings of fact and conclusions of law under Civ.R. 52 prevents an otherwise final judgment from becoming final *for the purposes of App.R. 4* until the findings of fact and conclusions of law are filed by the trial court." (Emphasis added.) *Walker*, supra, 36 Ohio St.3d. at 229, 522 N.E.2d at 1073. After a trial

court enters a final judgment, a party's legal options are limited by the Rules of Civil Procedure. *Pitts v. Dept. of Transp.* (1981), 67 Ohio St.2d 378, 379-380, 423 N.E.2d 1105; *Avon Lake Sheet Metal Co., Inc. v. Huntington Environmental Systems*, 9th Dist. No. 03CA008393, 2004-Ohio-5957, ¶11. Thus, the only motions a trial court may consider and grant to relieve a party from a final order are motions pursuant to Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for new trial), and Civ.R. 60(B) (motion for relief from judgment). *Ham v. Ham*, 3d Dist. No. 16-07-04, 2008-Ohio-828, ¶15; *Barnhisel v. Barnhisel*, 6th Dist. No. WD-06-024, 2007-Ohio-446, ¶17.

{¶12} Filing a Civ.R. 52 motion means the judgment is not final for purposes of appeal, pursuant to App.R.4, but that does not mean that it is not final for other purposes. The clear purpose of Civ.R. 52 is to provide the litigants and the appellate court with a record containing sufficient information concerning the facts and conclusions of law that formed the basis for the trial court's decision when that information is lacking in the original judgment. There is no provision in Civ.R. 52 to permit the trial court to reconsider or change its judgment pursuant to a request for findings of facts and conclusions of law. Civ.R. 52 provides a vehicle for a trial court to clarify its judgment, not to modify an otherwise final judgment.[2] Therefore, the trial court was without jurisdiction to make substantive

---

[2] We also note that the original judgment did contain detailed findings of fact and conclusions of law, and did not find that the second judgment entry expanded upon those proffered in the original judgment.

changes to the final judgment entry based upon Angela's motion for findings of fact and conclusions of law.

**{¶13}** Moreover, Angela's purported submission of "findings of fact" consisted primarily of a request to the trial court to reconsider portions of the property division. Angela was unhappy with the trial court's decision concerning the award of some of the personal property. Instead of appealing the decision to the Court of Appeals, Angela asked the trial court to modify its original, final judgment entry. We find that Angela's motion was essentially a motion for reconsideration.

**{¶14}** The Supreme Court of Ohio has held that the Rules of Civil Procedure do not allow a party to obtain relief from final judgment in a trial court via a motion for reconsideration, as this method "is conspicuously absent within the Rules." *Pitts*, supra, 67 Ohio St.2d at 380. Accordingly, "motions for reconsideration of a final judgment in the trial court are a nullity." Id. at 379; *Ham v. Ham*, supra, 2008-Ohio-828, at ¶15. Therefore, any order that a trial court may have entered granting or denying such a motion for reconsideration is also a legal nullity. *Robinson v. Robinson*, 168 Ohio App.3d 476, 2006-Ohio-4282, at ¶17, citing *Pitts*, supra.

**{¶15}** The trial court's judgment entry of September 22, 2008 was a final judgment. See R.C. 2505.02; Civ.R. 54; and Civ.R. 75(F). It determined the issues of custody, child support and visitation, spousal support, and property

division, and prevented any further judgment on those issues. Therefore, the trial court had no authority to reconsider and change its own final judgment. See *Barnihisel v. Barnihisel*, supra, 2007-Ohio-446, at ¶16. Although a trial court does not have continuing jurisdiction to *modify* a marital property division incident to a divorce decree, it does retain the power to *clarify* and construe its original property division in order to effectuate its judgment. See *Jones v. Jones*, 179 Ohio App.3d 618, 903 N.E. 329, 2008-Ohio-6069, ¶20.

{¶16} The trial court lacked jurisdiction to make substantive changes to the property division in its second judgment entry. Consequently, those portions of the May 7, 2009 judgment that modified the original property division are void and have no legal effect. See, e.g., *Kelley v. Kelley*, 3d Dist. Nos. 4-04-28, 4-04-32, 2005-Ohio-2355. However, to the extent that there was any confusion in the original order concerning the timeframe for the distribution of the funds from the 401(k) withdrawal, the trial court retained the authority to clarify and construe its original judgment entry to effectuate this payment.

{¶17} Felix's first assignment of error is now moot because the trial court did not have the authority to modify the original property division. As to his second assignment of error, the division of the funds that awarded $6,321 to Angela is still valid because this was ordered by the trial court in its original judgment. The portion of the second judgment clarifying the time for this payment was a proper order within the trial court's powers.

{¶18} Upon review of the record, we find that the trial court's property division modifications in the second judgment entry were a nullity, but the clarifications regarding the date of payment for the $6,321 were valid.  Therefore, the May 7, 2009 judgment of the Seneca County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and the matter is remanded to the trial court with instructions to reinstate its September 22, 2008 judgment in accordance with this decision.

***Judgment Affirmed in Part, Reversed in Part, and Cause Remanded***

**PRESTON, P.J., and SHAW, J., concur.**

**/jnc**