[Cite as *State v. Lawson*, 2024-Ohio-5202.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JEFFREY LAWSON, | : | Case No. 2024CA0009 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Morrow County
                              Court of Common Pleas, Case No.
                              2016 CR 0040

JUDGMENT:                     Affirmed

DATE OF JUDGMENT:             October 30, 2024

APPEARANCES:

For Plaintiff-Appellant

ERIC J. ALLEN
The Law Office of Eric J. Allen, Ltd.
4200 Regent Street, Suite 200
Columbus, Ohio 43219

*Baldwin, J.*

{¶1}    The appellant, Jeffrey Lawson, appeals the November 13, 2023, judgment entry denying the appellant's Motion for Grand Jury Testimony. The appellee is the State of Ohio. The relevant facts are as follows.

### STATEMENT OF THE FACTS AND THE CASE

{¶2}    On March 4, 2016, the appellant was indicted for one count of Attempted Rape in violation of R.C. §2907.02, one count of Gross Sexual Imposition in violation of R.C. §2907.05, one count of Sexual Battery in violation of R.C. §2907.03, eight counts of Rape in violation of R.C. §2907.02.

{¶3}    On August 21, 2017, the trial commenced.

{¶4}    On September 7, 2017, the jury found the appellant guilty on all counts.

{¶5}    On October 30, 2017, the trial court sentenced the appellant.

{¶6}    On November 29, 2017, the appellant filed a Notice of Appeal.

{¶7}    On November 19, 2018, this Court affirmed the conviction and sentence. The Supreme Court of Ohio denied jurisdiction.

{¶8}    On March 20, 2019, this Court denied the appellant's Application to Reopen.

{¶9}    On August 27, 2023, the appellant filed a Motion to Release Grand Jury Testimony.

{¶10}  On November 14, 2023, the trial court denied the appellant's Motion to Release Grand Jury Testimony.

{¶11}  The appellant filed a timely notice of appeal and herein raises the following assignment of error:

**{¶12}** "I. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S POST CONVICTION MOTION FOR GRAND JURY TESTIMONY."

**{¶13}** An appellate court may *sua sponte* consider whether the trial court lacked jurisdiction to entertain an action. *Vanderhoff v. Vanderhoff*, 2009-Ohio-5907 (3rd Dist.), ¶8. In the case *sub judice*, we must first determine if the trial court had jurisdiction to grant a postconviction Motion for Release of Grand Jury Testimony.

### ANALYSIS

**{¶14}** R.C. §2953.21 provides that a defendant is entitled to postconviction relief only upon a showing of a constitutional violation, exoneration by DNA evidence, or in the case of the defendant's being sentenced to death for aggravated murder, the person claims to have had a serious mental illness at the time of the commission of the offense.

**{¶15}** The appellant's Motion for Release of Grand Jury Testimony does not fall into any of the categories of R.C. §2953.21, making the appellant eligible for postconviction relief. In *State v. Muff*, 2006-Ohio-6215 (5th Dist.), ¶21, we found:

> [T]he claim is more in the nature of a request for discovery. *State v. Wogenstahl* (June 12, 1998), Hamilton App. No. C-970238, 1998 WL 306561. Ohio law is clear that discovery is not available in the initial stages of a post conviction proceeding. *State v. Mason* (Oct. 03, 2001), Ashland App. No. 01 COA01423, 2001 WL 1913877, citing *State v. Byrd (2001), 145 Ohio App.3d 318, 762 N.E.2d 1043.* As noted by this court in *State v. Sherman* (Oct. 30, 2000), Licking App. No. 00CA39, 2000 WL 1634067: "A petition for post-conviction relief is a civil proceeding. *State v. Milanovich* (1975), 42 Ohio St.2d 46 [325 N.E.2d 540]. However, the procedure to be

followed in ruling on such a petition is established by R.C. 2953.21. * * * Further, the extent of the trial court's jurisdiction [to grant requests for discovery] is set forth by R.C. 2953.21, and the power to conduct and compel discovery under the Civil Rules is not included within the trial court's statutorily defined authority. *State v. Lundgren* (Dec. 18, 1998), Lake App. No. 97-L-110, unreported [1998 WL 964592].*"* Accordingly, since, based on the foregoing, the trial court lacks jurisdiction to grant discovery motions that are filed after conviction, appellant's argument for grand jury transcripts fails.

**{¶16}** The case at bar also involves a postconviction Motion for Release of Grand Jury Testimony under Crim.R. 6(E). "[A] court has no jurisdiction to entertain a Crim.R. 6(E) motion for grand-jury transcripts, when the motion was not filed in a pending proceeding within that court's jurisdiction." *State v. Long*, 2020-Ohio-4557 (1st Dist.), ¶23. Therefore, the trial court lacked jurisdiction to entertain the appellant's Motion for Release of Grand Jury Testimony.

**{¶17}** Since the trial court lacks jurisdiction to grant discovery motions that are filed after conviction, the appellant's sole assignment of error is overruled.

**CONCLUSION**

{¶18} For the forgoing reasons, the judgment of the Court of Common Pleas, Morrow County, Ohio, is hereby affirmed.

By: Baldwin, J.

Delaney, P.J. and

Hoffman, J. concur.